E. Evans Wohlforth, Jr.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4879

*Attorneys for Defendants*
*Connecticut General Life Insurance Company*
*and CIGNA Healthcare of New Jersey*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADVANCED SURGERY CENTER on assignment from S.A., S.AC, D.C., I.C., J.C., L.C., D.CE, J.C., M.C., K.C., O.D., H.D., E.D., J.E., R.F., D.G., C.G., D.G. C.G., E.H., A.H., G.H., W.H., J.J., M.J., E.J., J.K., J.K.B., H.K., H.L., P.L., M.L., J.L., Y.L., M.M., R.M., B.M., M.M., J.N., H.P., V.P., Y.P., P.R., H.R., J.S., J.S., K.S., M.S., S.S., K.T., D.T., P.T., J.T., M.V., A.V., C.W., C.W.E., S.X. & J.S.,<br><br>Plaintiff,<br><br>vs.<br><br>CONNECTICUT GENERAL LIFE INSURANCE COMPANY d/b/a CIGNA; CIGNA HEALTHCARE OF NEW JERSEY, INC.; JOHN/JANE DOES 1-10; ABC CORP. 1-10; ABC, LLC, 1-10; ABC PARTNERSHIP, 1-10;<br><br>Defendants. | Civil Action No.: _____<br><br>*Document Electronically Filed*<br><br>**NOTICE OF REMOVAL**<br><br>[Previously pending in the Superior Court of New Jersey, Law Division, Civil Part, Passaic County, L-307-12] |

TO:   The Judges of the United States District
        Court for the District of New Jersey

Pursuant to 28 U.S.C. §§ 1441(b)(c) and 1446, Defendant Connecticut General Life Insurance Company ("CGLIC"), hereby removes the above-entitled action from the Superior Court of New Jersey, Law Division, Civil Part, Passaic County, to the United States District Court for the District of New Jersey.  For the reasons stated below, removal of this action is proper because Plaintiff Advanced Surgical Center ("Plaintiff") challenges the denial of benefits under employer sponsored health benefits plans governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq., ("ERISA"); therefore Plaintiff's claims are completely preempted by ERISA and this Court has federal question jurisdiction under 28 U.S.C. § 1331.  In the alternative, removal is proper because this Court has original jurisdiction over this matter pursuant to its diversity jurisdiction under 28 U.S.C. § 1332. As to any cause of action not subject to this Court's original jurisdiction under 28 U.S.C. § 1331, this Court also has supplemental jurisdiction under 28 U.S.C. §§ 1367 and 1441(c).

## I.      PROCEEDINGS TO DATE

1.      A Complaint bearing the caption above was filed by Plaintiff on January 17, 2012, in the Superior Court of New Jersey, Law Division, Civil Part, Passaic County, and is now pending there. A true and correct copy of the Complaint is attached hereto as **Exhibit A** and is incorporated herein by reference.

2.      On February 2, 2012, Plaintiff effectuated service on Defendant CIGNA Healthcare of New Jersey ("CHCNJ") by personally serving the Managing Agent at its Jersey City, New Jersey office.

3.      On February 2, 2012, Plaintiff attempted to effectuate service on Defendant CGLIC by personally serving an employee at its Bloomfield, Connecticut office.  See Declaration of Donna

Gaudet, a true and correct copy of which is attached hereto as **Exhibit B**, at ¶ 2.  CGLIC has not

received service by any other means in this matter.  Id. at ¶ 3.  As set forth in greater detail in Section

VI below, such service was improper and ineffective under the New Jersey Court Rules.

4.        CHCNJ consents to the removal of this matter to the United States District Court for

the District of New Jersey.  CHCNJ's Consent to Removal is attached hereto as **Exhibit C**.

## II.        PLAINTIFF'S COMPLAINT

5.        Plaintiff alleges that it "provides surgical services for patients receiving ambulatory

surgery, and provided such services to the assignor patients in this action."  Ex. A, ¶ 1.  Specifically,

Plaintiff claims that it provided reasonable and medically necessary services for fifty-nine individuals (the

"Patients") enrolled in plans insured and/or administered by Defendants.  Id. at ¶¶ 8, 22.  Plaintiff further

alleges that each of the fifty-nine Patients at issue provided Plaintiff "with an Assignment of Benefits . . .

which assigns all rights and benefits under the particular patient's insurance policy or plan."  Id. at 23.

6.        Plaintiff contends that, pursuant to those assignments of benefits, it submitted claims for

reimbursement directly to Defendants.  Id. at ¶ 24-85.  Plaintiff claims that Defendants denied each

claim "on the proffered basis [that] CIGNA does not pay for Plaintiff's 'type of provider.'"  Id. at ¶ 10,

25-85.  Plaintiff alleges that Defendants' denials violated the terms of the Patients' respective plans, id.

at ¶¶ 90-92, and that Defendants acted arbitrarily and capriciously in making the benefit determinations

at issue.  Id. at 17.

7.        Each of the fifty-nine Patients listed in the Complaint were  enrolled in employer-

sponsored health benefit plans that were offered as an employee benefit on the dates of service at issue.

See Declaration of Susan Roberts, attached hereto as **Exhibit D**, at ¶ 2.  Of those fifty-nine Patients, all but two were enrolled in plans subject to ERISA.  Id. at ¶¶ 2-4.

8.      Plaintiff's Complaint contains seven counts, each of which is related to Defendants' alleged denials of the claims described above.  Id. at pp. 11-20.  Counts One ("Breach of Contract"), Two ("Promissory Estoppel"), Three ("Breach of Fiduciary Duty") and Four ("Breach of Duty of Good Faith and Fair Dealing") each purport to assert state law claims with regard to Defendants' administration of the Patients' plans.  Id. at ¶¶ 86-112.  In the Fifth, Six and Seventh Counts of its Complaint, which purportedly "apply to the extent Defendants prove ERISA applies to any of the claims included in this action," id. at p. 16, Plaintiff has expressly alleged claims under ERISA.  Id. at ¶¶ 113-130.

9.      Plaintiff's entire Complaint, therefore, seeks damages related to Defendants' allegedly wrongful denial of claims submitted on behalf of individuals enrolled in various employee benefit plans, 96.6% (i.e., 57 of 59 plans) of which are subject to ERISA.  The vast majority Plaintiff's Complaint therefore alleges claims for benefits offered to ERISA plan participants.

## III.      GROUNDS FOR REMOVAL

### A.      FEDERAL QUESTION

10.      Because Plaintiff challenges a denial of benefits under ERISA-governed plans, as described above, its state-law claims are completely preempted by ERISA and removable to this Court under 28 U.S.C. § 1331.  As the Supreme Court of the United States has repeatedly held, the "carefully integrated civil enforcement provisions" in Section 502(a) of ERISA, 29 U.S.C. § 1132(a), set forth the "exclusive" remedies available for the allegedly erroneous denial, non-payment or

underpayment of benefits available under an ERISA-governed health benefits plan.  Pilot Life Ins. Co.

v. Dedeaux, 481 U.S. 41, 54 (1987).

11.     Indeed, the exclusivity of ERISA remedies is so strong that it permits removal of any

purported state-law cause of action that amounts to an alternative mechanism for enforcing a claim to

ERISA-governed benefits.  See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987) (the

preemptive force of ERISA operates to "convert[]" ordinary state law claims into federal claims for

purposes of the well-pleaded complaint rule); see also Aetna Health, Inc. v. Davila, 542 U.S. 200, 209

(2004) (holding that "any state-law cause of action that duplicates, supplements or supplants the ERISA

civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy

exclusive and is therefore pre-empted").

12.     In Davila, two members of ERISA-governed plans asserted state-law claims against

managed care companies seeking damages resulting from injuries allegedly sustained as a result of the

defendants' decision not to cover treatments recommended by the members' treating physicians.  Id. at

204-05.   There, the Supreme Court held that the state-law claims were completely preempted by

ERISA and thus removable to federal court, because the defendants' liability for any damages "would

exist here only because of petitioners' administration of ERISA-regulated benefit plans," and thus the

defendants' "potential liability under [state law] in these cases . . . derives entirely from the particular

rights and obligations established by the benefit plans."  Id. at 213.

13.     The same is true here, because, like the plaintiffs in Davila, nearly all of Plaintiff's claims

against CGLIC derive from coverage determinations made under the Patients' ERISA-regulated health

benefit plans.  Id.  While Plaintiff has tried to plead around ERISA with a baseless invocation of the

statute's "Savings Clause" and an assertion of several state law causes of action, see Ex. A, ¶ 20, 86-

5

112, such claims are preempted "no matter how couched." Pryzbowski v. U.S. Healthcare, Inc., 245

F.3d 266, 273 (3d Cir. 2001).  Plaintiff's claims are therefore preempted by ERISA, and this action is

properly removable to this Court.  See Davila, 542 U.S. at 213; see also Pryzbowski, 245 F.3d at 273

(noting that claims challenging the administration of or eligibility for benefits "fall[] within the scope of §

502(a) and [are] completely preempted").  Indeed, Plaintiff appears to have foreseen this outcome, as it

expressly pled claims under ERISA as an alternative basis for relief.  See Ex. A, ¶¶ 113-130.

### B.       DIVERSITY JURISDICTION

14.       Pursuant to 28 US.C. § 1441, a defendant may remove any action over which the

District Court would have original jurisdiction.  Section 1332 of Title 28 of the United States Code

provides that this Court shall have original jurisdiction over controversies between citizens of different

States in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and which

is between citizens of different states.

15.       As Plaintiff is a limited liability corporation, it is deemed a citizen of the state or states in

which its members are citizens.  See, e.g.,  Francesca v. Atanasio, No. 09-cv-1774, 2009 U.S. Dist.

LEXIS 96042, at *8 (D.N.J. Oct. 13, 2009).

16.       A search of  corporate records maintained by the State of  New  Jersey reveals that

Plaintiff has only one member, a resident of New Jersey.  See New Jersey Business Gateway Report

for Advanced Surgery Center of Clifton, LLC, a true and correct copy of which is attached hereto as

**Exhibit E**.

17.       Defendant Connecticut General Life Insurance Company  is a corporation formed and

existing under the laws of the State of Connecticut with its principal place of business at 900 Cottage

Grove Road, Bloomfield, Connecticut.

18.     For purposes of analyzing diversity jurisdiction, therefore, Plaintiff is a citizen of New Jersey and CGLIC is a citizen of Connecticut. 28 U.S.C. §§ 1332(a)(1) and (c)(1)

19.     CHCNJ is a corporation formed and existing under the laws of the State of New Jersey and is a citizen of New Jersey for purposes of diversity jurisdiction under 28 U.S.C. § 1332, but its citizenship is properly disregarded for removal purposes because it was fraudulently joined under applicable law.

20.     "In a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." In re Briscoe, 448 F.2d 201, 216 (3d Cir. 2006). Joinder is "fraudulent" if "'there is no reasonable basis in fact or colorable ground supporting the claims against the joined defendant[.]'" Id. (quoting Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985)).

21.     Upon information provided in Plaintiff's Complaint and belief, Plaintiff operates as an out-of-network provider. See Ex. A, ¶¶ 1, 23 (Plaintiff obtained assignments of benefits from the Patients, a step that would not be necessary if Plaintiff was an in-network provider); id. ¶ 16 (alleging that Defendants acted arbitrarily and capriciously by treating Plaintiff differently from in-network providers with similar licensing). Accordingly, Plaintiff's claims are based upon Defendants' alleged failure to pay Plaintiff for out-of-network medical services rendered to the Patients.

22.     The healthcare plans administered by CHCNJ function exclusively as health maintenance organizations ("HMOs"). By definition, all health care services provided in an HMO are provided by "in-network" providers. Therefore, because Plaintiff is an out-of-network provider it

cannot reasonably be maintained that any of the Patients Plaintiff allegedly treated were covered under a CHCNJ HMO plan.

23.     In sum, accepting all of the factual allegations in the Complaint as true, there is simply no reasonable ground to assert that the Complaint states a cause of action against CHCNJ.  Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) (resident defendant disregarded for removal purposes where it is not possible that complaint sets forth cause of action against that defendant); see also Briscoe, 448 F.3d at 219 ("a court can look to more than just the pleading allegations to identify indicia of fraudulent joinder").

24.     Because CHCNJ, the sole resident defendant, was fraudulently joined under applicable law, and because Plaintiff and CGLIC are citizens of New Jersey and Connecticut, respectively, complete diversity exists in this action, as required under 28 USC § 1332.

25.     Plaintiff seeks reimbursement for claims totaling $948,329.50, see Ex. A, ¶ 84, thereby satisfying the amount in controversy requirement established by 28 U.S.C. § 1332(a).

26.     As complete diversity exists between the parties and the amount in controversy exceeds $75,000.00, CGLIC has properly removed this action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1441(a).

## IV.     SUPPLEMENTAL JURISDICTION

27.     As noted above, 57 of the 59 Patients at issue were enrolled in plans governed by ERISA.  Any state law claims based on those plans are therefore completely preempted by ERISA. Even if CGLIC's removal was based solely on "federal question" jurisdiction (i.e., grounds for diversity jurisdiction did not exist) removal would still appropriate with regard to any claims regarding the two

non-ERISA plans, as this Court would have supplemental jurisdiction over any such claims under 28 U.S.C. §§ 1367 and 1441(c).

## V.   VENUE

28.      Plaintiff filed the Complaint in the Superior Court of New Jersey, Passaic County, which is within this judicial district. <u>See</u> 28 U.S.C. § 110. This Court is thus the proper court for removal under 28 U.S.C. §§ 1441(a), 1446(a).

## VI.   TIMELINESS

29.      Removal is timely under 28 U.S.C. § 1446(b) because Plaintiff has not effected proper service of process on CGLIC under the New Jersey Court Rules. <u>See</u>, <u>e.g.</u>, <u>Di Loreto v. Costigan</u>, 351 F. App'x 747, 751-52 (3d Cir. 2009) (analyzing whether the defendant had been properly served under Pennsylvania state law to determine when the defendant's thirty-day removal period began running); <u>Uriarte v. Steakhouse</u>, No.: 11-897 (JLL), 2011 U.S. Dist. LEXIS 101982, *18-19 (D.N.J. Sept. 8, 2011) ("The question of whether service occurred is a question of state law."); <u>Alicea v. Outback Steakhouse</u>, No. 10-4702 (JLL), 2011 U.S. Dist. LEXIS 47571, *6-9 (D.N.J. May 3, 2011) (finding that a defendant's time to remove did not begin running until it was properly served under the New Jersey Court Rules).

30.      Here, Plaintiff attempted to effectuate service on CGLIC, a non-resident corporation, by serving a copy of the summons and complaint on an employee at CGLIC's Bloomfield, Connecticut office. Pursuant to New Jersey Court Rule 4:4-4, such service was improper. Rule 4:4-4(a)(6) provides that service upon a corporation may be effectuated by serving any corporate "officer, director, trustee, managing or general agent, or any person authorized by appointment or law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in

charge thereof" <u>within the State of New Jersey</u>.  Rule 4:4-4(a)(6) further states that, if service cannot be accomplished in the manner described above, a plaintiff may serve any person at the corporation's principal place of business in New Jersey or, if no such place of business exists, on any corporate employee within the State.

31.     As required under N.J.S.A. 17B:23-2(c), CGLIC has designated the New Jersey Department of Banking and Insurance ("NJ DOBI") as its registered agent for service of process in the State of New Jersey.   Indeed, as N.J.S.A. 17B:23-2(c) expressly states, such designation is a prerequisite for foreign insurance companies such as CGLIC to be admitted to do business in New Jersey.  As such, Plaintiff could have effectuated service on CGLIC within New Jersey under Rule 4:4-4(a)(6) by personally serving NJ DOBI with the Summons and Complaint.

32.     Plaintiff, however, did not serve CGLIC under Rule 4:4-4(a)(6).  Instead, Plaintiff attempted to personally serve CGLIC in Connecticut pursuant to Rule 4:4-4(b)(1)(A).  Such service, however, is only proper under very specific circumstances in which a plaintiff is legitimately unable to effectuate service within New Jersey under Rule 4:4-4(a).  Specifically, Rule 4:4-4(b)(1) provides, in pertinent part:  "[i]f it appears <u>by affidavit satisfying the requirements of R. 4:4-5(b)</u> that despite diligent effort and inquiry personal service cannot be made in accordance with paragraph (a) of this rule, then, consistent with due process of law, in personam jurisdiction may be obtained over any defendant" by, inter alia, personally serving that defendant "in the same manner as if service were made within this State or by a public official having authority to serve civil process in the jurisdiction in which the service is made."  R. 4:4-4(b)(1)(A) (emphasis added).

33.     An affidavit of due diligence submitted in accordance with Rule 4:4-4(b)(1)(A) must satisfy the stringent requirements of Rule 4:4-5(b), which provides:

> The inquiry required by this rule shall be made by the plaintiff, plaintiff's attorney actually entrusted with the conduct of the action, or by the agent of the attorney; it shall be made of any person who the inquirer has reason to believe possesses knowledge or information as to the defendant's residence or address or the matter inquired of; the inquiry shall be undertaken in person or by letter enclosing sufficient postage for the return of an answer; and the inquirer shall state that an action has been or is about to be commenced against the person inquired for, and that the object of the inquiry is to give notice of the action in order that the person may appear and defend it. The affidavit of inquiry shall be made by the inquirer fully specifying the inquiry made, of what persons and in what manner, so that by the facts stated therein it may appear that diligent inquiry has been made for the purpose of effecting actual notice.

34.     In short, unless a plaintiff or its representative (1) investigates a defendant's whereabouts, (2) determines that the defendant may not be served within New Jersey and (3) files a suitable affidavit describing its investigation prior to attempting service outside the State, that plaintiff may not utilize the alternative methods of service set out in Rule 4:4-4(b)(1). See Sobel v. Long Island Entertainment Products, Inc., 329 N.J. Super. 285, 291 (App. Div. 2000) ("The summons and complaint in this matter were clearly not served on Stan Hart in accordance with the New Jersey Court Rules. First of all, a prerequisite for serving a defendant outside the State is an 'affidavit satisfying the requirements of R. 4:4-5(c)(2) that despite diligent effort and inquiry personal service' cannot be effected within the State. R. 4:4-4(b)(1).")

35.     A review of the Superior Court docket for this matter confirms that Plaintiff did not file an affidavit of diligent inquiry describing its efforts to serve CGLIC in New Jersey. See Case Document List for Advanced Surgery Center v. Connecticut General Life Insurance Company, et al., New Jersey Superior Court, Docket No. PAS-L-3017-12, a true and correct copy of which is attached hereto as **Exhibit F**.

36.     Indeed, it is impossible that  Plaintiff could have filed an affidavit of diligent inquiry attesting in good faith to that plaintiff was unable to service CGLIC within New Jersey, given the fact that CGLIC has appointed NJ DOBI as its registered agent for service of process in this State as it is required to do pursuant to N.J.S.A. 17B:23-2(c), as described above.  We note that the list of foreign insurers that have appointed DOBI as their agent for the service of process is publicly available at http://www.state.nj.us/dobi/servproc.htm (last visited May 7, 2012).  As matter of state statute, CGLIC may be served within New Jersey.  Plaintiff's attempt to effectuate service on CGLIC by serving the Summons and Complaint in Connecticut was therefore improper and ineffective under New Jersey law.  See Sobel, 329 N.J. Super. at 291.

37.     Because Plaintiff failed to effectuate proper service on CGLIC, the 30-day removal period was never triggered as to CGLIC.  See, e.g., Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 356 (1999) (proper service of process is required for the 30-day clock to commence on removal rights); Di Loretto, 351 F. App'x at 751 ("Thus, the removal period for a defendant does not begin to run until that defendant is properly served or until that defendant waives service.").  Moreover, the fact that CHCNJ's time to remove this matter has already lapsed is of no moment, as CGLIC is entitled to its own thirty-day removal period.  See, e.g., Delalla v. Hanover Ins., 660 F.3d 180, 189 (3d Cir. 2011) (adopting the "later-served" defendant rule within the Third Circuit).

38.     Finally, while CGLIC has not yet been properly served, that does not impact CGLIC's right to remove this action.  See, e.g., Poznanovich v. Astrazeneca Pharm. LP, No. 11-4001 (JAP) 2011 U.S. Dist. LEXIS 142967, *14-16 (Summarizing relevant case law and finding that "[the Supreme Court's decision in Murphy Bros.], did not hold that formal service is a prerequisite to

12

removal.  Indeed, a party is free to waive service of process, and Plaintiff has not pointed the Court to any rule that prohibits a defendant who is not 'obliged' to engage in litigation to engage in litigation nevertheless."); Delgado v. Shell Oil Co., 231 F.3d 165, 177 (5th Cir. 2000) (proper service of process is not a prerequisite to removal).

39.     As of this date, neither CGLIC nor any other party has filed any responsive pleading and no other proceedings have taken place in this action.

## VII.   NOTICE

40.     CGLIC will give written notice of the filing of this Notice of Removal to Plaintiff's counsel of record, as required by 28 U.S.C. § 1446(d), and a copy of this Notice, together with a Notice of Filing Notice of Removal, in the form attached hereto as **Exhibit G**, will be filed with the clerk of the Superior Court of New Jersey, Law Division, Civil Part, Passaic County.

## VIII.   CONCLUSION

41.     This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11, as

required by 28 U.S.C. § 1446(a).

42.     Based on the foregoing, CGLIC respectfully requests that this action  proceed in this

Court as an action properly removed to it.

Respectfully submitted,


Dated: May 7, 2012                           By:  s/ E. Evans Wohlforth, Jr.
       Newark, New Jersey                          E. Evans Wohlforth, Jr.
                                                   **GIBBONS P.C.**
                                                   One Gateway Center
                                                   Newark, NJ  07102-5310
                                                   Tel:  (973) 596-4879
                                                   Fax:  (973) 639-6486
                                                   ewohlforth@gibbonslaw.com

                                                   Attorneys for Defendants
                                                   Connecticut General Life Insurance Company
                                                   and CIGNA Healthcare of New Jersey