# Exhibit A

LAW OFFICE OF SEAN R. CALLAGY, ESQ.
Sean R. Callagy, Esq.
Mack-Cali Centre II
650 From Road, Suite 565
Paramus, New Jersey 07652
Attorneys for Plaintiff Advanced Surgery Center

|  |  |  |
|---|---|---|
| ADVANCED SURGERY CENTER on assignment from S.A., S.AC, D.C., I.C, J.C., L.C., D.CE, J.C., M.C., K.C., O.D., H.D., E.D., J.E., R.F., D.G., C.G., D.G., C.G., E.H., A.H., G.H., W.H., J.J, M.J., E.J., J.K., J.KB, H.K., H.L., P.L., M.L., J.L., Y.L., M.M., R.M., B.M., M.M., J.N., H.P., V.P., Y.P., P.R., H.R., J.S., J.S., K.S., M.S., S.S., K.T., D.T., P.T., J.T., M.V., A.V., C.W., C.WE, S.X. & J.S., | : : : : : : : : : : : : : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: CIVIL DIVISION BERGEN COUNTY |
|  | : | DOCKET NO.: |
|  | : | |
|  | : | CIVIL ACTION |
|  | : | |
| Plaintiff(s), | : : | COMPLAINT AND JURY DEMAND OF PLAINTIFF |
|  | : | |
| v. | : : | AND NOTICE TO PRODUCE |
|  | : | |
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY d/b/a CIGNA; CIGNA HEALTHCARE OF NEW JERSEY, INC.; JOHN/JANE DOES, 1-10; ABC CORP., 1-10; ABC LLC, 1-10; ABC PARTNERSHIP, 1-10; | : : : : : : | |
| Defendants. | | |

Plaintiff, **Advanced Surgery Center**, by way of complaint against Defendants,

Connecticut General Life Insurance Company d/b/a CIGNA, CIGNA Healthcare of New

Jersey, Inc., John/Jane Does, 1-10; ABC Corp., 1-10; ABC LLC, 1-10; ABC Partnerships,

1-10; says as follows:

1. Advanced Surgery Center brings this action, pursuant to assignment of benefits that

   Advanced Surgery Center received from patients who are participants of health benefits

plans or policies provided or administrated by Defendants, to, *inter alia*, recover funds that Defendants wrongfully failed to pay Advanced Surgery Center.

## THE PARTIES

2. For all relevant times herein, Advanced Surgery Center is and was a surgical practice as defined by N.J.S.A. 45:9-22.5a, whose principal place of business is 1200 US Highway 46, City of Clifton, State of New Jersey.

3. At all relevant times, Defendant Connecticut General Life Insurance Company d/b/a CIGNA is and was a national health carrier doing business in the State of New Jersey and the County of Bergen, with its principal place of business is 900 Cottage Grove Road, City of Bloomfield, State of Connecticut.

4. At all relevant times, Defendant CIGNA Healthcare of New Jersey, Inc. is and was a health carrier with its principal place of business is 499 Washington Boulevard, 5th Floor, City of Jersey City, State of New Jersey.

5. The CIGNA Defendants referenced above shall collectively be referenced in this Complaint as "CIGNA."

6. CIGNA also administers health benefit policies and plans and provides payment and reimbursement for medical and surgical services rendered in the State of New Jersey.

7. John/Jane Does, 1-10; ABC Corp., 1-10; ABC LLC, 1-10; ABC Partnership, 1-10 have been added as Defendants in this matter because their identity is not known at this time, and Plaintiff is including them in this action through fictitious names. On information and belief, the unidentified defendants are involved and/or responsible, and/or represent others who are involved and/or responsible, for the payment of services rendered by Plaintiff in this action.

## THE ANATOMY OF THE CLAIM

8. This dispute arises from CIGNA's failure to reimburse Advanced Surgery Center for the medically necessary services provided to patients receiving ambulatory surgery covered by a policy or plan issued and/or administered by CIGNA.

## PLAINTIFF HAS COMPLIED WITH THE STATE OF NEW JERSEY REQUIREMENTS IN THE OPERATION OF ITS SURGICAL SERVICES

9. Advanced Surgery Center provides surgical services for patients receiving ambulatory surgery, and provided such services to the assignor patients in this action.

10. CIGNA has denied payment for the services rendered on the proffered basis CIGNA does not pay for Plaintiff's "type of provider."

11. Advanced Surgery Center, however, is a proper "type of provider," and has complied with the requirements of New Jersey law in rendering services.

12. More specifically, Advanced Surgery Center is not required by New Jersey law to obtain a separate license because it is a "surgical practice" as described under N.J.S.A. 45:9-22.5a.

13. CIGNA's proffered basis for nonpayment is, upon information and belief, disingenuous, as a means to avoid payment that is due and owing.

14. More specifically, upon information and belief, CIGNA has a website at cigna.com and maintains a Health Care Professionals Directory under such website.    See http://cigna.benefitnation.net/cigna/docdir.aspx.

15. Under such above-referenced Directory, CIGNA has an option entitled "Other facility types" and one of the types provided on the dropdown menu is "Outpatient Surgery Services."

3

16. Upon information and belief, CIGNA has listed several ambulatory surgical centers as approved "in-network" providers, even though such centers are similar to Plaintiff in that they are single operating room providers and accordingly do not have licenses, because the State of New Jersey does not require such license.

17. CIGNA has acted in an arbitrary and capricious manner in denying payment to Plaintiff for the services rendered.

18. CIGNA's actions also go against important public goals to allow patients to receive services from their medical provider of choice.

19. CIGNA's actions also contravene New Jersey's legislature which is empowered with the authority and responsibility to determine the requirements for single-operating room surgical practices in the State of New Jersey.

## THE SAVINGS CLAUSE OF ERISA RENDERS THE OTHERWISE ERISA CLAIMS PRESENTED IN THIS ACTION AS GOVERNED BY STATE LAW

20. The terms of Defendants' policies or plans governing the payment of the services rendered under this Complaint are governed by state law, and to the extent ERISA may be proven to apply to the claims in this action, the SAVINGS provision of ERISA requires an interpretation of New Jersey State insurance law, and ERISA would accordingly not preempt the issue presented in this matter.

## THE CLAIMS AT HAND

21. The specific identifying information of the patients will not be included in this Complaint due to privacy protection, but each claim has been billed to CIGNA with the specificity required for processing.

22. Specifically, Advanced Surgery Center provided medically reasonable and necessary services to S.A. on 5/21/08, S. Ac. on 7/25/08, D. C. on 7/1/08, IC on 3/4/10, J.C. on

4

9/19/09, L.C. on 9/16/08, D.C. on 7/31/08, J.C. on 9/12/08, M.C. on 12/13/08, K.C. on 6/9/07, O.D. on 7/23/08, H.D. on 10/13/10, E.D on 10/20/09, J.E. on 4/5/08, R.F. on 11/7/08, D.G. on 8/3/08, C.G. on 4/12/08, D.G. on 12/2/08, C.G. on 9/6/08, E.H. on 12/1/08, A.H. on 9/29/09, G.H. on 5/31/08, W.H. on 5/31/08, J.J. on 12/13/08, M.J. on 9/19/08, E.J. on 10/7/08 through 11/17/08, J.K. on 7/14/08-7/21/09, J.K.B. on 12/2/08, H.K. on 6/18/07, H.L. on 11/8/08-11/22/08, P.L. on 8/27/08-10/8/08, M.L. on 12/3/08, J.L. on 11/22/08-1/31/09, Y.L. on 8/14/08, M.M. on 5/23/09-6/6/09, R.M. on 11/18/08, B.M. on 8/25/08, M.M. on 10/3/08, J.N. on 1/24/09 and 1/31/09, H.P. on 6/26/10, V.P. on 11/8/08, Y.P. on 10/18/08, P.R. on 4/8/08 and 4/15/08, H.R. on 5/7/10, J.S. on 9/6/08, J.S. on 7/12/08, K.S. on 6/14/08-1/24/09, M.S. on 9/24/08, S.S. on 6/23/08-6/25/08, K.T. on 8/7/07, D.T. on 11/11/08, P.T. on 10/1/07-11/3/09, J.T. on 1/24/09, M.V. on 9/18/07, A.V. on 12/29/07, C.W. on 8/13/08, C.WeE on 9/10/08 and 9/24/08, S.E. on 6/17/08 and J.S. on 6/28/08 (collectively hereinafter, "Assignors").

23. Upon information and belief, Assignors each provided Advanced Surgery Center with an Assignment of Benefits ("AOB"), which assigns all rights and benefits under that particular patient's insurance policy or plan.  When Assignors assigned their benefits to Advanced Surgery Center, they designated Advanced Surgery Center as entitled to certain benefits under the plan or policy, including, but not limited to, the right to receive payment.

24. After performing the medically reasonable and necessary services, Advanced Surgery Center prepares Health Insurance Claim Forms on behalf of each patient formally demanding reimbursement for the services rendered and sends them to the patient's insurance carrier and/or claims and/or plan administrator.

25. For S.A., subscriber number U308448801, Advanced Surgery Center billed CIGNA $11,400.00. CIGNA denied the claim and did not issue payment.

26. For S.AC, subscriber number U3260040101, Advanced Surgery Center billed CIGNA $33,995.00. CIGNA denied the claim and did not issue payment.

27. For D.C., subscriber number U0865749301, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

28. For I.C., subscriber number U3859162202, Advanced Surgery Center billed CIGNA $7,050.00. CIGNA denied the claim and did not issue payment.

29. For J.C., subscriber number U3297543101, Advanced Surgery Center billed CIGNA $7,200.00. CIGNA denied the claim and did not issue payment.

30. For L.C., subscriber number U1472698401, Advanced Surgery Center billed CIGNA $7,200.00. CIGNA denied the claim and did not issue payment.

31. For D. CE., subscriber number U1334126401, Advanced Surgery Center billed CIGNA $11,400.00. CIGNA denied the claim and did not issue payment.

32. For J.C., subscriber number U2415478801, Advanced Surgery Center billed CIGNA $7,200.00. CIGNA denied the claim and did not issue payment.

33. For M.C., subscriber number U3357534601, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

34. For K.C., subscriber number U2571234301, Advanced Surgery Center billed CIGNA $11,400.00. CIGNA denied the claim and did not issue payment.

35. For O. D., subscriber number U2737310901, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

36. For H. D., subscriber number U3942952401, Advanced Surgery Center billed CIGNA $7,125.00. CIGNA denied the claim and did not issue payment.

37. For E.D., subscriber number U3754550501, Advanced Surgery Center billed CIGNA $15,200.00. CIGNA denied the claim and did not issue payment.

38. For J.E., subscriber number U2999848001, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

39. For R.F., subscriber number U0190147701, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

40. For D.G., subscriber number U1036709801, Advanced Surgery Center billed CIGNA $11,400.00. CIGNA denied the claim and did not issue payment.

41. For C.G., subscriber number U0181385001, Advanced Surgery Center billed CIGNA $11,400.00. CIGNA denied the claim and did not issue payment.

42. For D.G., subscriber number U0945825401, Advanced Surgery Center billed CIGNA $7,200.00. CIGNA denied the claim and did not issue payment.

43. For C.G., subscriber number U0945672101, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

44. For E.H., subscriber number U0181069701, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

45. For A.H, subscriber number U0942283702, Advanced Surgery Center billed CIGNA $17,600.00. CIGNA denied the claim and did not issue payment.

46. For G.H., subscriber number U0991616601, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

7

47. For W.H., subscriber number U0991616602, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

48. For J.J., subscriber number U2415502502, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

49. For M.J., subscriber number U0189076001, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

50. For E.J., subscriber number U3038084601, Advanced Surgery Center billed CIGNA $36,000.00. CIGNA denied the claim and did not issue payment.

51. For J.K., subscriber number U1265130402, Advanced Surgery Center billed CIGNA $159,057.00. CIGNA denied the claim and did not issue payment.

52. For J.K.B., subscriber number U1366564601, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

53. For H.K., subscriber number U0175749101 Advanced Surgery Center billed CIGNA $3,800.00. CIGNA denied the claim and did not issue payment.

54. For H.L., subscriber number U0979718701, Advanced Surgery Center billed CIGNA $11,400.00. CIGNA denied the claim and did not issue payment.

55. For P.L., subscriber number U01881097, Advanced Surgery Center billed CIGNA $14,200.00. CIGNA denied the claim and did not issue payment.

56. For M.L., subscriber number U018827801, Advanced Surgery Center billed CIGNA $7,200.00. CIGNA denied the claim and did not issue payment.

57. For J.L., subscriber number U017748401, Advanced Surgery Center billed CIGNA $15,000.00. CIGNA denied the claim and did not issue payment.

58. For Y.L., subscriber number U2382754902, Advanced Surgery Center billed CIGNA $7,257.50. CIGNA denied the claim and did not issue payment.

59. For M.M., subscriber number U0188701201, Advanced Surgery Center billed CIGNA $39,400.00. CIGNA denied the claim and did not issue payment.

60. For R.M., subscriber number U0967104801, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

61. For B.M., subscriber number U3005420102, Advanced Surgery Center billed CIGNA $7,200.00. CIGNA denied the claim and did not issue payment.

62. For M.M., subscriber number U2673626501, Advanced Surgery Center billed CIGNA $11,812.50. CIGNA denied the claim and did not issue payment.

63. For J.N., subscriber number U09166744501, Advanced Surgery Center billed CIGNA $26,800.00. CIGNA denied the claim and did not issue payment.

64. For H.P., subscriber number U39898941, Advanced Surgery Center billed CIGNA $7,125.00. CIGNA denied the claim and did not issue payment.

65. For V.P., subscriber number U0882272401, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

66. For Y.P., subscriber number U0897579001, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

67. For P.R., subscriber number U3012629301, Advanced Surgery Center billed CIGNA $12,157.50. CIGNA denied the claim and did not issue payment.

68. For H.R., subscriber number U3861592802, Advanced Surgery Center billed CIGNA $24,225.00. CIGNA denied the claim and did not issue payment.

69. For J.S., subscriber number U01158910, Advanced Surgery Center billed CIGNA $11,400.00. CIGNA denied the claim and did not issue payment.

70. For J.S., subscriber number U0942243303, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

71. For K.S., subscriber number U0168765601, Advanced Surgery Center billed CIGNA $33,225.00. CIGNA denied the claim and did not issue payment.

72. For M.S., subscriber number U0670079502, Advanced Surgery Center billed CIGNA $7,200.00. CIGNA denied the claim and did not issue payment.

73. For S.S., subscriber number 091667445, Advanced Surgery Center billed CIGNA $12,600.00. CIGNA denied the claim and did not issue payment.

74. For K.T., subscriber number U01964192, Advanced Surgery Center billed CIGNA $3,800.00. CIGNA denied the claim and did not issue payment.

75. For D.K., subscriber number U0988253501, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

76. For J.T, subscriber number U2566888801, Advanced Surgery Center billed CIGNA $3,800.00. CIGNA denied the claim and did not issue payment.

77. For P.T., subscriber number 252601070526, Advanced Surgery Center billed CIGNA $185,800.00. CIGNA denied the claim and did not issue payment.

78. For M.V., subscriber number U0162101801, Advanced Surgery Center billed CIGNA $3,800.00. CIGNA denied the claim and did not issue payment.

79. For A.V., subscriber number U2055521301, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

80. For C.W., subscriber number U3302750301, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

81. For C.WE., subscriber number U1221555901, Advanced Surgery Center billed CIGNA $11,400.00. CIGNA denied the claim and did not issue payment.

82. For S.X., subscriber number U0964407201, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

83. For J.S., subscriber number U0942243302, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

84. These respective denials total $948,329.50, such amount remains due and owing pursuant to the benefit policy and/or plan.

85. Advanced Surgery Center attempted to resolve any dispute with CIGNA by contacting CIGNA and appealing the adverse determinations of CIGNA.  Furthermore, Advanced Surgery Center requested a copy of the Assignors' plan or policy documents, a copy of the explanation of benefits for each of the Assignors, and a copy of the claim appeal procedure.

## COUNT ONE

## BREACH OF CONTRACT

86. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-85 of this Complaint and incorporates same by reference hereto.

87. The policy and/or plan governing each claim for services rendered in this action constitutes a contract requiring CIGNA to render payment for services rendered according to the terms of the plan or policy.

88. Advanced Surgery Center is the assignee of benefits of patients who received services as described in this action.

89. Advanced Surgery Center has demanded payment by CIGNA for such services rendered.

90. CIGNA has refused payment and is thereby in breach of the above-referenced contracts.

91. CIGNA's denials of payment were not made in accordance with the terms of the patient's plan or policy.

92. CIGNA failed to properly establish any basis to deny payment for the services rendered to the Assignors by Advanced Surgery Center.

93. Upon information and belief, CIGNA failed to provide Assignors and Advanced Surgery Center with all required information and documents concerning plan or policy between Assignors and CIGNA.

94. Because of Defendants' willful breach of its contractual obligations, Plaintiff has been damaged and continues to suffer damages in the operation of its medical practice.

WHEREFORE, plaintiff, Advanced Surgery Center, demands judgment against Defendant, CIGNA as follows:

a.  For an Order Declaring Defendant is precluded from denying to make payment to Advanced Surgery Center for services rendered under this action;

b.  For an Order directing Defendant CIGNA  to pay $948,329.50;

c.  For other compensatory damages and interest;

d.  For attorneys fees and costs of suit;

e.  For such other and further relief as the court may deem just and equitable.

## COUNT TWO

### PROMISSORY ESTOPPEL

95. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-94 of this Complaint and incorporates same by reference hereto.

96. Advanced Surgery Center is the assignee of benefits of patients who received services as described in this action.

97. Upon information and belief, Advanced Surgery Center as a matter of practice contacted CIGNA before services were rendered, to make sure the patient had out-of-network benefits for the medical services to be rendered.

98. Upon information and belief, CIGNA informed Advanced Surgery Center benefits did exist for the services to be rendered.

99. Advanced Surgery Center reasonably relied upon CIGNA's representations, and provided the medical services.

100.    CIGNA subsequently refused to pay for the services.

101.    Advanced Surgery Center suffered substantial damage relying upon CIGNA's representations.

102.    CIGNA should be precluded from refusing to pay Advanced Surgery Center for the services rendered.

WHEREFORE, plaintiff, Advanced Surgery Center, demands judgment against Defendant, CIGNA as follows:

        f.    For an Order Declaring Defendant is precluded from denying to make payment to Advanced Surgery Center for services rendered under this action;

13

g.      For an Order directing Defendant CIGNA to pay $948,329.50;

h.      For other compensatory damages and interest;

i.      For attorneys fees and costs of suit;

j.      For such other and further relief as the court may deem just and equitable.

## COUNT THREE

## BREACH OF FIDUCIARY DUTY

103.    Plaintiff repeats and re-alleges the allegations of Paragraphs 1-102 of this Complaint and incorporates same by reference hereto.

104.    Upon information and belief, CIGNA had a fiduciary duty to Assignors as administrator for the plan or policy for each Assignor because CIGNA exercised discretion in determining the amounts of plan benefits that would be paid to those plan beneficiaries.  The exercise of discretion in such determinations of benefits is an inherently fiduciary function.

105.    Because Assignors provided Advanced Surgery Center with an Assignment of Benefits, CIGNA owed Advanced Surgery Center a fiduciary duty to administer the plan or policy with that degree of care, skill, prudence, loyalty and diligence that a prudent administrator would exercise under the circumstances.

106.    Upon information and belief, CIGNA breached its fiduciary duty to Advanced Surgery Center and Assignors by failing to reimburse Advanced Surgery Center pursuant to the terms of the plan or policy, or Advanced Surgery Center usual, customary and reasonable rates.

107.    Upon information and belief, CIGNA acted in an arbitrary and capricious manner in exercising its fiduciary duty by permitting payment to certain non-licensed providers in

14

a similar situation to Advanced Surgery Center, and in its denial of payment to Advanced Surgery Center for the similar type of services.

108.    Furthermore, CIGNA owed a duty of loyalty to Advanced Surgery Center as Assignee of the Assignors benefits, specifically, not to engage in self-dealing but to make decision in the interest of the plan or policy beneficiaries.

109.    Upon information and belief, CIGNA breached its fiduciary duty by determining the amounts of plan or policy benefits that would be paid to the beneficiaries based on maximizing profit, rather than based on the terms of the plans and applicable statutes and regulations.

WHEREFORE, plaintiff, Advanced Surgery Center, demands judgment against Defendant, CIGNA , as follows:

k.    For an Order For an Order Declaring Defendant is precluded from denying to make payment to Advanced Surgery Center for services rendered under this action;

a.    For an Order directing Defendant CIGNA  to pay $948,329.50;

b.    For other compensatory damages and interest;

c.    For attorneys fees and costs of suit;

d.    For such other and further relief as the court may deem just and equitable.

## COUNT FOUR

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

110.    Plaintiff repeats and re-alleges the allegations of Paragraphs 1-109 of this Complaint and incorporates same by reference hereto.

111.    CIGNA as the healthcare carrier and/or the administrator, had an obligation to act in good faith and fair dealing by duly reimbursing Assignors, and as a result, Advanced Surgery Center pursuant to the terms of the insurance policy or plan.

112.    CIGNA, however, did not act in good faith and fair dealing, but rather denied payment for services duly rendered for its own self interest of maximizing profit.

WHEREFORE, plaintiff, Advanced Surgery Center, demands judgment against CIGNA, as follows:

1.    For an Order Declaring Defendant is precluded from denying to make payment to Advanced Surgery Center for services rendered under this action;

a.    For an Order directing Defendant CIGNA  to pay $948,329.50;

b.    For other compensatory damages and interest;

c.    For attorneys fees and costs of suit;

d.    For such other and further relief as the court may deem just and equitable.

### COUNT FIVE

### THE FOLLOWING COUNTS APPLY TO THE EXTENT DEFENDANTS PROVE ERISA APPLIES TO ANY OF THE CLAIMS INLCUDED IN THIS ACTION

### ERISA:  Failure to make payment due under ERISA 502(a)(1)

113.    Plaintiff repeats and re-alleges the allegations of Paragraphs 1-112 of this Complaint and incorporates same by reference hereto.

114.    Plaintiff avers this Count to the extent CIGNA may prove any of the claims in this action are governed by ERISA.

16

115.     The Employee Retirement Income Security Act of 1974 ("ERISA"), Section 502(a)(1), 29 U.S.C. 1132(a)(1) provides a cause of action for a beneficiary seeking payment under a plan.

116.     Advanced Surgery Center has standing to seek such above relief based on the assignments of benefits it received from the patient Assignors.

117.     Upon information and belief, CIGNA acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

118.     Advanced Surgery Center is entitled to recover benefits due the patient Assignors under any applicable ERISA plan.

119.     CIGNA has refused to make payment, and such refusals have not been made in good faith, but rather were arbitrary and capricious.

120.     WHEREFORE, plaintiff, Advanced Surgery Center, demands judgment against Defendant, CIGNA, as follows:

   m.     For an Order Declaring Defendant is precluded from denying to make payment to Advanced Surgery Center for services rendered under this action;

   e.     For an Order directing Defendant CIGNA to pay $948,329.50;

   f.     For other compensatory damages and interest;

   g.     For attorneys fees and costs of suit;

   h.     For such other and further relief as the court may deem just and equitable.

## COUNT SIX

### FAILURE TO SUPPLY REQUESTED INFORMATION

121.    Plaintiff repeats and re-alleges the allegations of Paragraphs 1-120 of this Complaint and incorporates same by reference hereto.

122.    Plaintiff avers this Count to the extent CIGNA may prove any of the claims in this action are governed by ERISA.

123.    To the extent ERISA governs any of the claims for services rendered, CIGNA had a fiduciary duty to provide Advanced Surgery Center with a copy of the relevant summary plan description, plan, statement of benefits and claim appeals process for each claim upon request.

124.    Advanced Surgery Center has made such a request more than thirty days prior to the filing of the instant Complaint.

125.    As of the date of the filing of this Complaint, CIGNA has not provided Advanced Surgery Center with the requested documents.

126.    As such, CIGNA is in violation of Section 502 of the Employee Retirement Income Security Act ("ERISA").

WHEREFORE, plaintiff, Advanced Surgery Center demands judgment against Defendant, CIGNA, as follows:

a.      For an Order directing Defendant CIGNA to pay $110.00 for each day that CIGNA has failed to supply the requested information; and

b.      For such other and further relief as the court may deem just and equitable.

## COUNT SEVEN

### VIOLATION OF THE SAVING CLAUSE OF ERISA

127.     Plaintiff repeats and re-alleges the allegations of Paragraphs 1-126 of this Complaint and incorporates same by reference hereto.

128.     To the extent any of Plaintiff's claims are subject to ERISA, the Saving Clause of ERISA specifically states,

> "nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." § 514(b)(2)(A), 29 U.S.C. § 1144(b)(2)(A)

129.     Advanced Surgery Center complied with applicable insurance requirements, and was not required to obtain a license to properly and duly operate its surgical practice.

130.     CIGNA should not be permitted to effectively impose a penalty on Advanced Surgery Center by its refusal to pay for services Plaintiff provided in compliance with the State of New Jersey's insurance law which specifically does not require Plaintiff to obtain a separate license to properly and legally render the services in question.

WHEREFORE, plaintiff, Advanced Surgery Center demands judgment against Defendant, CIGNA, as follows:

a.     For an Order declaring Defendant CIGNA may not refuse to pay for services duly and properly rendered by Plaintiff Advanced Surgery Center, on the basis of requiring Plaintiff to obtain a license that in fact is not required by the State in which Plaintiff renders services, and to so require such a license would violate the Savings Clause of ERISA.

b.     For an Order declaring the amounts billed to Defendant CIGNA by Plaintiff Advanced Surgery Center are entitled to reimbursement;

    c.      For an Order directing Defendant CIGNA  to pay $948,329.50;

    d.      For other compensatory damages and interest;

    e.      For attorneys fees and costs of suit;

    f.      For such other and further relief as the court may deem just and equitable.

## NOTICE TO PRODUCE

Pursuant to R. 4:18-1, Plaintiff hereby demands that each Defendant produce the following documentation within fifty (50) days as prescribed by the Rules of Court. Additionally please be advised that the following requests are ongoing and continuing in nature and each Defendant is therefore required to continuously update its responses thereto as new information or documentation comes into existence.

1.    A true and exact copy of any and all Health Insurance Policy, Summary Plan Description, and/or Plan describing the terms and conditions governing the patients who received services rendered by Plaintiff as described in the Complaint filed in this action.

2.    Copies of representative documents (with private information redacted to comply with privacy laws) showing payments made by CIGNA entities to non-licensed ambulatory surgical centers who are in-network with CIGNA and who do not require licensing by the State of New Jersey because they are single-operating room facilities who are otherwise exempt from licensing requirements.

3.    The name, address and contact information of any other party of interest, specifically the Plan Administrator, Claims Administrator, Third Party Administrator and /or additional Insurance Companies.

4.   The name of the publication, database, documentation, Medicare guidelines etc. in which any Defendant bases its Usual and Customary Rates.

5.   Copies of any and all documentation, including but not limited to manuals, statutes, rules, regulations, books and/or industry standards which refer to, reflect or otherwise relate to the date of service in question or any potential defense to the action in question.

6.   If a Defendant intends to produce the testimony of any expert witnesses at Trial, set forth the names and addresses of each such witness, their area of expertise, the subject matter on which they are expected to testify, and a summary of the grounds of each opinion. Attach a true copy of all written reports provided the Defendant by such witnesses.

## TRIAL COUNSEL DESIGNATION

Sean R. Callagy, Esq., is hereby designated as Trial Counsel in the above matter.

## R. 4:5-1(b)(2) CERTIFICATION

Pursuant to R. 4:5-1(b)(2), I hereby certify that the matter in controversy is not the subject of any other action pending in any court, is not the subject of a pending arbitration proceeding and is not the subject of any other contemplated action or arbitration proceeding, except as may be set forth below:

**None.**

I further certify that I know of no non-parties who should be joined in the action pursuant to R. 4:28, or who may be subject to joinder pursuant to R. 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts, except as may be set forth below:

21

None.

## CERTIFICATION OF ATTORNEY

I hereby certify that to the best of my knowledge, information and belief, the within matter is not the subject of any other action or proceeding. I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Law Offices of Sean R. Callagy, Esq., LLC
Attorneys for Plaintiff Advanced Surgery Center

By:_____
        Sean R. Callagy, Esq.

DATED: January 12, 2012

22