**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ADVANCED SURGERY CENTER, et al. | Civil Action No. 12-2715 (JLL)(MAH) |
| Plaintiffs, | *Document Electronically Filed* |
| vs. | |
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY d/b/a CIGNA; CIGNA HEALTHCARE OF NEW JERSEY, INC., et al. | |
| Defendants. | |

---

**DEFENDANTS CONNECTICUT GENERAL LIFE INSURANCE COMPANY AND CIGNA HEALTHCARE OF NEW JERSEY, INC.'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**

---

E. Evans Wohlforth, Jr., Esq.
Allana L. Nason, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4879
(973) 639-6486
*Attorneys for Defendants Connecticut General Life Insurance Company and CIGNA Healthcare of New Jersey, Inc.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

INTRODUCTION ............................................................................................... 1

ARGUMENT ...................................................................................................... 4

    I.      THE MOTION TO DISMISS STANDARD ......................................... 4

          A.     Rule 12(b)(6) Requires Dismissal of Claims That are Invalid as a Matter of Law ............................................................................... 4

    II.     ERISA PREEMPTION .......................................................................... 6

          A.     The ERISA Preemption Provisions ......................................... 6

    III.    COUNTS ONE THROUGH FOUR OF PLAINTIFF'S COMPLAINT ARE PREEMPTED BY ERISA ............................................................. 8

          A.     Count One -- Breach of Contract .......................................... 9

          B.     Count Two -- Promissory Estoppel ........................................ 10

          C.     Count Three -- Breach of Fiduciary Duty ............................... 11

          D.     Count Four -- Breach of Good Faith and Fair Dealing ............ 15

    IV.    COUNT SIX OF THE COMPLAINT IS MISDIRECTED AT DEFENDANTS AND MUST BE DISMISSED IN ITS ENTIRETY ............... 16

    V.     COUNT SEVEN OF THE COMPLAINT DOES NOT STATE A PLAUSIBLE CAUSE OF ACTION AND MUST THEREFORE BE DISMISSED IN ITS ENTIRETY ................................................................ 17

    VI.    COUNTS ONE THROUGH FIVE OF THE COMPLAINT ARE NOT ADEQUATELY PLEAD UNDER TWOMBLY AND MUST BE DISMISSED ......................................................................................... 20

          A.     Count One -- Breach of Contract .......................................... 20

          B.     Count Two -- Promissory Estoppel ........................................ 21

          C.     Count Three -- Breach of Fiduciary Duty ............................... 22

          D.     Count Four -- Breach of Duty of Good Faith and Fair Dealing ............ 23

          E.     Count Five -- ERISA:  Failure to make payment due under ERISA 502(a)(1) .......................................................................... 24

CONCLUSION ................................................................................................... 26

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## <u>CASES</u>

Advanced Rehab., LLC v. UnitedHealth Group, Inc.,
No. 10-cv-00263, 2011 U.S. Dist. LEXIS 27710 (D.N.J. Mar. 17, 2011) .............................24

Aetna Health Inc. v. Davila,
542 U.S. 200 (2004)........................................................................................................................8

Ashcroft v. Iqbal,
129 S. Ct. 1937 (2009)................................................................................................5, 6, 23, 24

Barber v. UNUM Life Ins. Co. of Am.,
383 F.3d 134 (3d Cir. 2004) .......................................................................................................19

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007).............................................................................................................passim

Bishop v. GNC Franchising LLC,
248 F. App'x 298 (3d Cir. 2007) ...................................................................................................6

Campanello v. Port Auth. of N.Y. & N.J.,
590 F. Supp. 2d 694 (D.N.J. 2008) ...............................................................................................4

Campbell v. PMI Food Equip. Group, Inc.,
509 F.3d 776 (6th Cir. 2007) ......................................................................................................21

Center for Special Procedures v. Connecticut Gen. Life Ins. Co.,
Civil Action No. 09-6566 (MLC), 2010 U.S. Dist. LEXIS 128289 (D.N.J. Dec.
6, 2010) ........................................................................................................................................11

City of Pittsburgh v. West Penn Power Co.,
147 F.3d 256 (3d Cir. 1998) .........................................................................................................4

Clendenin v. Wells Fargo Bank, N.A.,
2009 U.S. Dist. LEXIS 109952 (S.D. W. Va. Nov. 24, 2009) ..................................................21

D'Amico v. CBS Corporation,
297 F.3d 287 (3d Cir. 2002) .......................................................................................................14

DeGrazia v. FBI,
316 F. App'x 172 (3d Cir. 2009) ...................................................................................................6

DeVito v. Aetna, Inc.,
536 F. Supp. 2d 523 (D.N.J. 2008) .............................................................................................14

Early v. U.S. Life Ins. Co. in the City of New York,
    2007 U.S. App. LEXIS 6870 (3d Cir. Mar. 22, 2007).........................................................10

Finocchiaro v. Squire Corrugated Container Corp.,
    2007 U.S. Dist. LEXIS 12642 (D.N.J. Feb. 22, 2007) .................................................8

FMC Corp. v. Holliday,
    498 U.S. 52 (1990)........................................................................................8, 18, 20

Ford v. Unum Life Ins. Co. of Am.,
    2009 U.S. App. LEXIS 24514 (3d Cir. Nov. 9, 2009) ...........................................9

Forest Ambulatory Surgical Assocs., L.P. v. United Healthcare Ins. Co.,
    No. 10-cv-04911-EJD, 2011 U.S. Dist. LEXIS 75433 (N.D. Cal. July 13, 2011) ................24

Frommer v. Celanese Corp.,
    2008 U.S. Dist. LEXIS 32505 (D.N.J. Apr. 21, 2008) .........................................11

Geissal v. Moore Med. Corp.,
    338 F.3d 926 (8th Cir. 2003), cert. denied, 540 U.S. 1181 (2004)...........................12

Grambling Univ. Nat'l Alumni Ass'n v. Bd. of Supervisors for the La. Sys.,
    286 F. App'x 864 (5th Cir. 2008) ........................................................................21

Harrow v. Prudential Ins. Co. of Am.,
    279 F.3d 244 (3d Cir. 2002) .........................................................................12, 14

Hiland Dairy, Inc. v. Kroger Co.,
    402 F.2d 968 (8th Cir. 1968), cert. denied, 395 U.S. 961 (1969)..............................4

Illingworth v. Nestle U.S.A.,
    926 F. Supp. 482 (D.N.J. 1996) .............................................................................8

In re Samsung DLP TV Class Action Litig.,
    2009 U.S. Dist. LEXIS 100065 (D.N.J. Oct. 27, 2009)..........................................20

Ingersoll-Rand Co. v. McClendon,
    498 U.S. 133 (1980) .................................................................................................7

Kentucky Ass'n of Health Plans, Inc. v. Miller,
    538 U.S. 329 (2003)................................................................................................18

Kollman v. Hewitt Assocs., LLC,
    2003 U.S. Dist. LEXIS 18138 ...............................................................................11

Larocca v. Borden, Inc.,
    276 F.3d 22 (1st Cir. 2002)....................................................................................12

Lee v. MBNA Long Term Disability & Benefit Plan,
    136 F. App'x 734 (6th Cir. 2005) ............................................................................6

Lopez v. Beard,
    333 F. App'x 685 (3d Cir. 2009) ............................................................. 5

Majka v. Prudential,
    171 F. Supp. 2d 410 (D.N.J. 2001) ......................................................... 15

Martin v. Port Auth. Transit Corp.,
    2010 U.S. Dist. LEXIS 29522 (D.N.J. Mar. 25, 2010).......................... 22

Metropolitan Life Ins. Co. v. Massachusetts,
    471 U.S. 724 (1985).................................................................................. 7

Morley v. Avaya, Inc. Long Term Disability Plan,
    2006 U.S. Dist. LEXIS 53720 (D.N.J. Aug. 3, 2006) ............................ 12, 13, 14

Nietzke v. Williams,
    490 U.S. 319 (1989)............................................................................... 4, 6

Pane v. RCA Corp.,
    868 F.2d 631 (3d Cir. 1989) .................................................................. 10

Phillips v. County of Allegheny,
    515 F.3d 224 (3d Cir. 2008) ............................................................ 6, 20, 24

Pilot Life Ins. Co. v. Dedeaux,
    481 U.S. 41 (1987)............................................................................ 7, 18, 19

Prudential Ins. Co. of Am. v. National Park Med. Center, Inc.,
    413 F.3d 897 (8th Cir. 2005) ................................................................. 19

Pryzbowski v. U.S. Healthcare, Inc.,
    245 F.3d 266 (3d Cir. 2001) ......................................................... 9, 10, 11, 15

Rush Prudential HMO, Inc. v. Moran,
    536 U.S. 355 (2002)................................................................................ 18

Sanctuary Surgical Centre, Inc. v. United Healthcare, Inc.,
    No. 11-cv-80800-DTKH, 2012 U.S. Dist. LEXIS 1114 (S.D. Fl. Jan. 5, 2012) ................... 25

Scott v. Gulf Oil Corp.,
    754 F.2d 1499 (9th Cir. 1985) ................................................................. 8

Sons of Thunder v. Borden, Inc.,
    148 N.J. 396 (1997) ............................................................................... 23

Twp. of W. Orange v. Whitman,
    8 F. Supp. 2d 408 (D.N.J. 1998)............................................................. 6

Varity Corp. v. Howe,
    516 U.S. 489 (1996)...................................................................... 12, 13, 14

Wargotz v. NetJets, Inc.,
   2010 U.S. Dist. LEXIS 47118 (D.N.J. May 13, 2010) .......................................................... 17

## **STATUTES**

29 U.S.C. § 1002(16) ........................................................................................................ 16

29 U.S.C. § 1002(16)(A)(i)-(ii) ....................................................................................... 17

29 U.S.C. § 1101, et seq. .................................................................................................. 1

29 U.S.C. § 1132(a) ........................................................................................................... 7

29 U.S.C. § 1132(a)(3) .............................................................................................. 12, 13

29 U.S.C. § 1132(c)(1)(B) ............................................................................................... 16

29 U.S.C. § 1144(a) ........................................................................................................... 7

29 U.S.C. § 1144(b)(2)(A) .......................................................................................... 3, 17

29 U.S.C. § 1144(b)(2)(B) ............................................................................................... 19

## **RULES**

Rule 12(b)(6) ................................................................................................................ 4, 6

Rule 26 ............................................................................................................................. 17

Rule 8 ........................................................................................................................ passim

Rule 8(a)(2) ........................................................................................................................ 6

Defendants Connecticut General Life Insurance Company ("CGLIC") and CIGNA Healthcare of New Jersey, Inc. ("CHCNJ") (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion to dismiss Plaintiff Advanced Surgery Center's Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## INTRODUCTION

At bottom, this case presents a claim for benefits under certain employee health benefit plans -- an ERISA case (with minor exceptions) of a type with which the Court is quite familiar. Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101, et seq.  The Complaint was previously filed as an attachment to the Defendants' Notice of Removal.  See Docket Entry No. 1, Ex. A.  For the reasons set forth below, the state law claims of Counts One through Four must be dismissed as preempted by ERISA (as to 57 of the 59 employee benefit plans raised here).  Counts Six, and Seven (as to all of the plans) must be dismissed with prejudice as legally invalid.  Count Five is a basic ERISA benefits claim.  The ERISA claim in Count Five and the state law claims as to the two non-ERISA plans in Counts One through Four are incompletely pled, however.  The Complaint must be dismissed without prejudice as to those claims, as the deficiencies may be remediable through an amendment.

Granting this motion and dismissing the several other, unnecessary, duplicative and preempted theories advanced by Plaintiff will streamline this matter.  Then, once certain other

pleading deficiencies are corrected in an amended pleading, the parties and the Court can

proceed to an efficient adjudication of the merits of this case.[1]

Plaintiff, which provides surgical facility services, bases its entire Complaint on the

allegation that Defendants have not properly paid for services Plaintiff rendered to its patients,

alleged members of health care plans that Defendants allegedly administer.  Plaintiff pleads that

it is an out-of-network medical provider.  Complaint ("Compl.") ¶ 97.  It is established,

therefore, that Plaintiff does not contract with Defendants or any of its affiliates.  ERISA governs

all but two of the 59 health care plans at issue because it appears that plans were offered as

benefits by employers to their employees.[2]  See Declaration of Susan Roberts, previously filed as

an attachment to Defendants' Notice of Removal, Docket Entry No. 1, Attachment D; see also

Declaration of Susan Roberts in Support of Defendants' Motion to Dismiss ("Roberts Dec."),

submitted herewith, ¶ 2.  The two remaining plans are maintained by a governmental entity and

thus exempted from ERISA.   A substantial portion of Plaintiff's Complaint is composed of state

common law claims that must be dismissed pursuant to ERISA's broad preemptive reach.

---

[1] As a separate matter, and as noted in Defendants' Notice of Removal, Defendant CHCNJ is not
a proper party at interest in this lawsuit.  Plaintiff alleges that it operates as an out-of-network
provider with regard to the Defendants.  See Plaintiff's Complaint ("Compl.") at ¶ 97.
Healthcare plans administered by CHCNJ function exclusively as health maintenance
organizations ("HMOs").  By definition, all health care services provided in an HMO are
provided by "in-network" providers.  Plaintiff's allegation that it is an out-of-network provider
precludes the possibility that it is a provider-member of a CHCNJ HMO, and, consequently, it
cannot reasonably be maintained that any of the benefits for services provided by Plaintiff were
covered by a CHCNJ HMO plan.

[2] A vast majority of the plans are subject to ERISA, therefore, Plaintiff's claims as to those plans
are preempted.  See Declaration of Susan Roberts, previously filed as an attachment to
Defendants' Notice of Removal, Docket Entry No. 1, Ex. D (identifying 57 of the 59 plans
identified in Plaintiff's Complaint as employee benefit plans subject to ERISA).

As will be further discussed _infra_, Point II, Plaintiff's claims of breach of contract (Count One), promissory estoppel (Count Two), breach of fiduciary duty (Count Three), and breach of good faith and fair dealing (Count Four) are preempted by the federal law of ERISA.  Additional results that flow from the preemptive effect of ERISA are that all extra-contractual damages and a jury trial are unavailable.  Finally, as will be discussed in Point VI, _infra_, even if Plaintiff's claims in Counts One through Four were cognizable under state law, which they are not (except for the two non-ERISA plans), Plaintiff has failed to plead _any_ of its claims adequately under the standard articulated in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) -- the entire Complaint must be dismissed on that ground alone.

As will be further discussed _infra_, Point IV, Count Six of Plaintiff's Complaint -- "Failure to Supply Requested Information," --  pursuant to ERISA, must be dismissed because the claim for a $110 per day penalty is misdirected as to Defendants.  Defendants are not the parties subject under the statute to this penalty.  Count Six also appears to state a claim for breach of fiduciary duty that is preempted by other provisions of ERISA.

As will be further discussed _infra_, Point V, Count Seven of Plaintiff's Complaint -- "Violation of the Saving Clause of ERISA" -- is not a viable cause of action.  The savings clause, embodied at Section 514(a), 29 U.S.C. § 1144(b)(2)(A), acts as a narrow exception to ERISA's broad preemptive scheme.  As a practical matter, the savings clause is not a cause of action, but merely modifies the scope of ERISA preemption.  Thus, Count Seven must be dismissed for that reason alone.  As it happens, the savings clause does not apply to a majority plans in this case because (i) the laws raised in Plaintiffs' complaint are not within the ambit of the savings clause

and (ii) these plans are self-insured.[3]  In any event, Count Seven of Plaintiff's Complaint does not state a cause of action and must be dismissed in its entirety.

For these reasons, Defendants respectfully request that Counts One through Four as to the 57 ERISA plans, and Counts Six and Seven of Plaintiff's Complaint as to all of the plans be dismissed with prejudice, as either preempted under federal law or simply not stating any cause of action.  The balance of the Complaint -- Count Five as to the ERISA plans and Counts One through Four as to the non-ERISA plans -- should be dismissed without prejudice under Federal Rule of Civil Procedure 8 as insufficiently pled to state a viable cause of action.

## ARGUMENT

## I.  THE MOTION TO DISMISS STANDARD

### A.  Rule 12(b)(6) Requires Dismissal of Claims That are Invalid as a Matter of Law

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of claims that fail to state a valid cause of action as a matter of law.  A motion to dismiss serves to dispense with those issues which, as a matter of law, are incapable of supporting a judgment or verdict in the claimant's favor.  Nietzke v. Williams, 490 U.S. 319, 326-27 (1989) (the Rule 12(b)(6) procedure "streamlines litigation by dispensing with needless discovery and factfinding"); Hiland Dairy, Inc. v. Kroger Co., 402 F.2d 968, 973 (8th Cir. 1968), cert. denied, 395 U.S. 961 (1969) (a

---

[3] See Roberts Dec. ¶ 2 ("Thirty-seven (37) of the fifty-seven (57) individuals identified by Plaintiff who are members of health benefit plans subject to ERISA were members of health benefits plans that were self-funded by the employer offering the benefit.").  The content of the plans may be considered on this motion to dismiss as documents incorporated into the Complaint by virtue of the fact that the allegations are based upon their contents.  City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); Campanello v. Port Auth. of N.Y. & N.J., 590 F. Supp. 2d 694, 699 (D.N.J. 2008) ("In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents . . . specifically referenced in the complaint . . . .").

motion to dismiss "can serve a useful purpose in disposing of legal issues with the minimum of time and expense to the interested parties").

In order to avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A complaint must set forth sufficiently detailed, credible factual allegations which are able to "raise a right to relief above the speculative level." Id. at 555. The Supreme Court revisited and endorsed this basic rule in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Lopez v. Beard, 333 F. App'x 685, 687 (3d Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949). Accordingly, a court will not accept bald assertions, untenable inferences, or unsupported legal conclusions disguised as factual allegations. See Twombly, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do…[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (citations omitted).

An essential function of the complaint is to afford the defendant fair notice of the claim. Federal Rule of Civil Procedure 8(a)(2) requires the complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Twombly, however, makes clear that the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." 550 U.S. at 555. Indeed, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-

5

defendant-unlawfully-harmed-me accusation." <u>Ashcroft</u>, 129 S. Ct. at 1949 (citing <u>Twombly</u>, 550 U.S. at 555).

Following <u>Twombly</u>'s direction, the Third Circuit has acknowledged that situations may arise where "the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008). The Court of Appeals further stated that in light of the Supreme Court's ruling in <u>Twombly</u>: "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief…[and] without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." <u>Id.</u> "Rule 8…does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." <u>Ashcroft</u>, 129 S. Ct. at 1950. Therefore, where a complaint has not alleged sufficient facts to state a plausible, credible claim, giving fair notice to the defendant, it will be dismissed.

## II.   <u>ERISA PREEMPTION</u>

### A.   <u>The ERISA Preemption Provisions</u>

Most importantly for the purposes of this case, "Rule 12(b)(6) . . . authorizes a court to dismiss a claim on the basis of a dispositive issue of law.'" <u>DeGrazia v. FBI</u>, 316 F. App'x 172, 173 (3d Cir. 2009) (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 326-27 (1989)); <u>Bishop v. GNC Franchising LLC</u>, 248 F. App'x 298, 299 (3d Cir. 2007) (same); <u>Twp. of W. Orange v. Whitman</u>, 8 F. Supp. 2d 408, 413 (D.N.J. 1998) (same). The determination of whether Plaintiff's claims are preempted by ERISA presents such a legal question. <u>See</u>, <u>e.g.</u>, <u>Lee v. MBNA Long Term Disability & Benefit Plan</u>, 136 F. App'x 734, 746 (6th Cir. 2005) ("[E]ven if Lee had pled a

state-law breach-of-fiduciary duty or bad-faith claim, it would have failed as a matter of law as preempted under ERISA.").

ERISA contains two statutory provisions that preempt state law causes of action.  The first is Section 502(a), 29 U.S.C. § 1132(a), which sets forth a comprehensive civil enforcement scheme and forecloses any state law claim that falls within its zone of influence.  In Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987), the Supreme Court described the broad preemptive effect of Section 502(a):

> [T]he detailed provisions of § 502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans.  The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.

Id. at 54.  As such, this first preemption provision is known as "complete preemption."

ERISA's second preemption provision, which effectuates what is known as "express preemption" or "conflict preemption," is set out in Section 514(a), 29 U.S.C. § 1144(a).  Section 514 preempts "any and all state laws" that "relate to any employee benefit plan."  The Supreme Court has recognized that express or conflict preemption under Section 514(a) is "deliberately expansive."  Pilot Life, 481 U.S. at 46.  Indeed, a state law "relates to" an ERISA benefit plan when "it has a connection with or reference to such a plan," Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 739 (1985), or when "the existence of [an ERISA] plan is a critical factor in establishing liability," Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139-40 (1980).

Taken together, these two sections give ERISA a preemptive effect with few parallels in this country's laws.  "[A]ny state-law cause of action that duplicates, supplements or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004).  ERISA's preemption regime "establishes as an area of federal concern the subject of every state law that 'relate[s] to' an employee benefit plan governed by ERISA." FMC Corp. v. Holliday, 498 U.S. 52, 58 (1990) (quotation omitted) (alteration in original). Indeed, ERISA's preemptive effect extends to both common law and statutorily based causes of action.  See, e.g., Finocchiaro v. Squire Corrugated Container Corp., 2007 U.S. Dist. LEXIS 12642, at *7-8 (D.N.J. Feb. 22, 2007) ("'ERISA preemption extends to state common-law causes of action as well as state regulatory statutes, and claims brought under state-law doctrines that do not explicitly refer to employee benefit plans are nonetheless preempted when the claims arise from the administration of such plans.'") (quoting Scott v. Gulf Oil Corp., 754 F.2d 1499, 1504 (9th Cir. 1985)); Illingworth v. Nestle U.S.A., 926 F. Supp. 482, 492 (D.N.J. 1996) (noting that the Supreme Court had "rejected the view that common law causes of action or state regulatory statutes are preempted only when they attempt to regulate an area expressly covered by ERISA, such as reporting, disclosure and fiduciary responsibilities," and finding that "[b]ecause [Plaintiff's] claim relates to an employee benefit plan, ERISA preempts New Jersey law, and any entitlement to relief is governed by federal law.").

## III.   COUNTS ONE THROUGH FOUR OF PLAINTIFF'S COMPLAINT ARE PREEMPTED BY ERISA

Counts One through Four of Plaintiff's Complaint allege the following causes of action against Defendants: breach of contract (Count One); promissory estoppel (Count Two); breach of fiduciary duty (Count Three); and breach of good faith and fair dealing (Count Four).  Each of

these claims is based upon state law and each depends upon Defendants' alleged wrongful

administration of its members' health benefits.  Therefore, ERISA preempts each of these claims,

and Counts One through Four of the First Amended Complaint must be dismissed with prejudice

to the extent it is asserted as to plans subject to ERISA.

### A.  Count One -- Breach of Contract

In Count One, Plaintiff alleges a state law cause of action for breach of contract based on

the non-payment of employee benefits.  See Compl. ¶ 94 ("Because of Defendants' willful

breach of its contractual obligations, Plaintiff has been damaged and continues to suffer damages

in the operation of its medical practice.").  As explained in Point II(A), supra, ERISA preempts

the entire field of claims for benefits under an employee benefit plan and all state laws that relate

to employee benefit plans.  Essentially, Plaintiff seeks to recover the policy benefits that it

contends Defendants wrongfully denied.  Accordingly, the breach of contract claim is a standard

ERISA claim for benefits under an ERISA plan.

Well-settled federal law dictates that a state law claim for benefits under an ERISA plan

is preempted.  The Third Circuit examined this very issue in Pryzbowski v. U.S. Healthcare, Inc.,

245 F.3d 266, 272 (3d Cir. 2001).  The Court of Appeals found that legislative history compelled

the conclusion that a state law claim for benefits under an ERISA plan was preempted; the Court

quoted the conference report "which stated that all suits 'to enforce benefit rights under the plan

or to recover benefits under the plan . . . are to be regarded as arising under the laws of the

United States in similar fashion to those brought under section 301 of the Labor-Management

Relations Act of 1947.'"  Id. at 271 (quoting H.R. Conf. Rep. No. 93-1280, at 327 (1974),

reprinted in 1974 U.S.C.C.A.N. 5038, 5107) (alteration in original);  see also Ford v. Unum Life

Ins. Co. of Am., 2009 U.S. App. LEXIS 24514, at *4 (3d Cir. Nov. 9, 2009) (citing Pryzbowski

in affirming lower court's determination that plaintiff's state law claims, including breach of

contract, were preempted); Early v. U.S. Life Ins. Co. in the City of New York, 2007 U.S. App.

LEXIS 6870, at *4 (3d Cir. Mar. 22, 2007) (citing Pryzbowski in affirming dismissal of

plaintiff's breach of contract claim).

Thus, there is no room for argument that a breach of contract claim brought to enforce the

terms of a policy or plan maintained as an employment benefit under ERISA is preempted.

Pryzbowski, 245 F.3d at 278 ("[S]uits against HMOs and insurance companies for denial of

benefits, even when the claim is couched in terms of common law negligence or breach of

contract, have been held to be preempted by § 514(a)."); Pane v. RCA Corp., 868 F.2d 631, 635

(3d Cir. 1989) (finding that ERISA preempts a state law breach of contract claim which has

"connection with or reference to" ERISA covered plan).  Plaintiff's breach of contract claim in

Count One, "no matter how couched," Pryzbowski, 245 F.3d at 273, is plainly and unequivocally

preempted and should be dismissed on that ground.  Therefore, Count One should be dismissed

to the extent it is asserted as to plans subject to ERISA.

**B.    Count Two -- Promissory Estoppel**

In Count Two, Plaintiff again re-fashions the straightforward claim for benefits to allege

"promissory estoppel," based upon its alleged "matter of practice" to contact Defendants "before

services were rendered" and Defendants' alleged confirmation that "benefits did exist for the

services to be rendered."  Compl. at ¶¶ 97-8.  Plaintiff further alleges that it "reasonably relied

upon CIGNA's representations, and provided the medical services."  Id. at ¶ 99.

Count Two merely presents another state law claim for benefits that ERISA preempts.

As set forth supra, Point II(A), Plaintiff's promissory estoppel claim duplicates, supplements, or

supplants the ERISA civil enforcement remedy, thereby conflicting with the "clear congressional intent to make the ERISA remedy exclusive."  See Davila, 542 U.S. at 209.  This is a classic ERISA claim for benefits under an ERISA plan.  Such a claim, "no matter how couched," Pryzbowski, 245 F.3d at 273, is plainly and unequivocally preempted.  See Frommer v. Celanese Corp., 2008 U.S. Dist. LEXIS 32505, at *9 (D.N.J. Apr. 21, 2008) ("[T]he Court concludes that Plaintiff's breach of contract/promissory estoppel claim 'relates to' the ERISA plan and is preempted to the extent it concerns ERISA plan benefits."); see also Center for Special Procedures v. Connecticut Gen. Life Ins. Co., Civil Action No. 09-6566 (MLC), 2010 U.S. Dist. LEXIS 128289, at *4, 10 (D.N.J. Dec. 6, 2010) (dismissing promissory estoppel claims, among other state law causes of action); Kollman v. Hewitt Assocs., LLC, 2003 U.S. Dist. LEXIS 18138 at *8 (E.D. Pa. Sept. 22, 2003) (holding that plaintiff's state law claims, including promissory estoppel, was preempted by ERISA).  Therefore, Count Two should be dismissed to the extent it is asserted as to plans subject to ERISA.

**C.**     **Count Three -- Breach of Fiduciary Duty**

Plaintiff's Third Count alleges that CIGNA has breached its fiduciary duty owed to Plaintiff under ERISA.  See Compl. ¶¶ 104-5 ("CIGNA had a fiduciary duty to Assignors as administrator for the plan or policy. . . CIGNA owed [Plaintiff] a fiduciary duty to administer the plan or policy with that degree of care, skill, prudence, loyalty and diligence that a prudent administrator would exercise under the circumstances.").  Presumably, Plaintiff makes this claim pursuant to a state law cause of action, again based on the non-payment of employee benefits.  As such, Plaintiff's state law claim of breach of fiduciary duty is an ERISA claim for benefits that is preempted by the statutes preemptive scheme.

11

Assuming arguendo, however, that Plaintiff is asserting a claim of breach of fiduciary duty pursuant to ERISA, such a claim must still be dismissed as redundant to a claim for benefits.  It is hornbook ERISA law, that a claimant pressing a claim for plan benefits under Section 502(a)(1) cannot re-characterize that claim as one for breach of fiduciary duties under Section 502(a)(3).  This proposition has been repeatedly endorsed by the United States Supreme Court, Circuit Courts of Appeal and District Courts around the country, including this District. See, e.g., Morley v. Avaya, Inc. Long Term Disability Plan, 2006 U.S. Dist. LEXIS 53720, *65-75 (D.N.J. Aug. 3, 2006).  The rule is that a fiduciary duty claim redundant to a claim for benefits is subject to dismissal.

A plan participant's cause of action for breach of fiduciary duties imposed by ERISA is contained in Section 502(a)(3), 29 U.S.C. § 1132(a)(3).  Morley, 2006 U.S. Dist. LEXIS 53720 at *65-7.  The Supreme Court has held that Section 502(a)(3) is "a catch-all" permitting "appropriate equitable relief for injuries caused by violations that [Section] 502 does not elsewhere adequately remedy."  Varity Corp. v. Howe, 516 U.S. 489, 512 (1996) (emphasis added).  Consequently, where a claim for benefits under Section 502(a)(1)(B) will make the claimant whole, the claimant cannot seek equitable relief under Section 502(a)(3).  Larocca v. Borden, Inc., 276 F.3d 22, 28 (1st Cir. 2002); Geissal v. Moore Med. Corp., 338 F.3d 926, 933 (8th Cir. 2003), cert. denied, 540 U.S. 1181 (2004).  The federal courts treat it as basic and settled ERISA doctrine that, if a plaintiff can pursue benefits under the plan pursuant to Section 502(a)(1), there is an adequate remedy under the plan barring a further remedy under Section 502(a)(3).  Id.

Indeed, in Harrow v. Prudential Ins. Co. of Am., 279 F.3d 244 (3d Cir. 2002), the Third Circuit Court of Appeals refused to allow the plaintiff to cast a claim for benefits as a fiduciary

duty claim in order to avoid the rule of exhaustion.[4]  The Court of Appeals rejected this attempt, finding that "Mrs. Harrow does not allege facts that, if proven, establish a breach of fiduciary duty independent of denial of benefits . . . As the District Court observed, the language of the complaint itself demonstrates that Mrs. Harrow's claim was actually premised on the plan administrators' failure to furnish plaintiff with insurance coverage for Viagra."  Id. at 254.  In so holding, the Court of Appeals found that "[a] claim for breach of fiduciary duty is actually a claim for benefits where the resolution of the claim rests upon an interpretation and application of an ERISA-regulated plan rather than upon an interpretation and application of ERISA."  Id. (internal quotation omitted).

In Morley, 2006 U.S. Dist. LEXIS 53720, Judge Cooper applied this classic analysis, rejecting the argument that equitable relief against the threat of future claim denials could support a claim under Section 502(a)(3):

> Section [502(a)(3)] provides that a civil action may be brought "by a participant, beneficiary or fiduciary (A) to enjoin any act or practice which violates and provision of this subchapter (B) to obtain other appropriate equitable relief (i) to redress such violation[,] or (ii) to enforce any provisions of this subchapter."  Thus, the relief available under Section [502(a)(3)(B)] is limited to "appropriate equitable relief," of which "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'"

Id. at *67 (quoting Section 502(a)(3), 29 U.S.C. 1132(a)(3) and Varity Corp. v. Howe, 516 U.S. 489, 512 (1996)) (second alteration in original).  "[T]his form of relief does not constitute

---

[4]      Plaintiff Harrow had apparently pled the fiduciary duty claim for tactical reasons.  The Third Circuit requires a claimant who merely seeks benefits to exhaust internal plan administrative remedies before proceeding to federal court, but waives the exhaustion requirement for allegations involving breach of fiduciary duty and other violations of the statute.

'additional relief' otherwise not provided for in Section [502(a)(1)].  Instead, this type of relief is specifically provided for and contemplated by the language in Section [502(a)(1)]."  Morley, 2006 U.S. Dist. LEXIS 53720 at *68-9 (emphasis in original).

In this case, the Complaint is barren of allegations sufficient under Twombly to raise "above the speculative level" a "plausible" claim of breach of ERISA fiduciary duties that is discrete from the Plaintiff's claim for benefits.  550 U.S. at 555, 570.  Plaintiff alleges no conduct on the part of Defendants that is not also alleged in connection with its claims for plan benefits.  "[A] claim for breach of fiduciary duty is actually a claim for benefits where the resolution of the claim rests upon an interpretation and application of an ERISA-regulated plan rather than upon an interpretation and application of ERISA."  Harrow, 279 F.3d at 254 (internal quotation omitted); D'Amico v. CBS Corporation, 297 F.3d 287, 291-2 (3d Cir. 2002); DeVito v. Aetna, Inc., 536 F. Supp. 2d 523 (D.N.J. 2008).

In short, § 502(a)(3) is a "catchall" provision that "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy."  Varity, 516 U.S. at 512.  Where Congress has elsewhere provided adequate relief for a plaintiff's injury, there is no need for further relief, and an action under § 502(a)(3) "would not be 'appropriate'" equitable relief.  Id. at 515.  For this reason, and based upon the overwhelming weight of authority on this issue, Plaintiff cannot allege a claim for breach of fiduciary duty under ERISA.  Therefore, to the extent Count Three is pleaded as a state law cause of action, it is preempted by ERISA as to the plans subject to ERISA.  To the extent Count Three is pleaded pursuant to ERISA, it should be dismissed under federal law as redundant to a claim for benefits.

**D.**     **Count Four -- Breach of Good Faith and Fair Dealing**

In Count Four of the Complaint, Plaintiff alleges, "CIGNA as the healthcare carrier and/or the administrator, had an obligation to act in good faith and fair dealing by duly reimbursing [Plaintiff] pursuant to the terms of the insurance policy or plan."  Compl. ¶ 111.

Plaintiff alleges yet another state law cause of action based upon the non-payment of employee benefits.  As explained in Point II(A), _supra_, ERISA preempts the entire field of claims for benefits under an employee benefit plan and all state laws that relate to employee benefit plans.  Yet again, Plaintiff seeks to recover the policy benefits that it contends Defendants wrongfully denied.  Similar to the breach of contract claim, the breach of good faith and fair dealing claim is a standard ERISA claim for benefits under an ERISA plan.  It is well-settled that ERISA preempts a claim for breach of the implied covenant of good faith and fair dealing.  See Majka v. Prudential, 171 F. Supp. 2d 410, 413 (D.N.J. 2001) ("there is no question that ERISA § 514(a) preempts Plaintiff's state law claims for breach of contract and breach of the implied duty of good faith and fair dealing").  Accordingly, the claims in Count Four asserted against plans governed by ERISA must be dismissed.

\*        \*        \*        \*        \*

In sum, Plaintiff has alleged four state law causes of action that all seek to recover benefits from ERISA-regulated employee benefit plans.  In each count, Plaintiff complains of Defendants' denial of benefits.  No matter how many different ways Plaintiff attempts to plead this claim under state law and "no matter how couched," Pryzbowski, 245 F.3d at 273, Congress intended for ERISA to preempt all state law claims for the recovery of such benefits and,

therefore, Counts One through Four of Plaintiff's Complaint must be dismissed as to the 57

ERISA plans raised by Plaintiffs.

## IV.    COUNT SIX OF THE COMPLAINT IS MISDIRECTED AT DEFENDANTS AND MUST BE DISMISSED IN ITS ENTIRETY

Plaintiff alleges that it requested plan documents from Defendants and because those

documents were not provided, "CIGNA is in violation of Section 502 of the Employee

Retirement Income Security Act ("ERISA")."  Compl. ¶ 126.  Presumably, Plaintiff relies upon

the provisions of 29 U.S.C. § 1132(c)(1)(B), which addresses an "[a]dministrator's refusal to

supply requested information."  Pursuant to the statute, an administrator is required "to comply

with a request for any information . . . ."  Id.  The statute provides for a daily penalty upon the

administrator's failure to comply with the request for information.  This claim, however, is

misdirected at Defendants and must be dismissed in its entirety.

It can be readily seen that the requirement to provide the documents and the $110 penalty

for the failure to do so lies with the plan administrator.  See 29 U.S.C. § 1002(16) (defining

"administrator" as "(i) the person specifically so designated by the terms of the instrument under

which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor; or (iii)

in the case of a plan for which an administrator is not designated and a plan sponsor cannot be

identified, such other person as the Secretary may by regulation prescribe," and "plan sponsor"

means "(i) the employer in the case of an employee benefit plan established or maintained by a

single employer . . .").  Defendant CGLIC is the claims administrator for the plans at issue here.

It is not the plan administrator as defined in the ERISA statutes.  In all likelihood, the employers

of Plaintiff's patients as plan sponsors are, by operation of section 1002(16), also the plan

administrators that must provide the plan documents and are subject to the penalty provision.[5]
See Wargotz v. NetJets, Inc., 2010 U.S. Dist. LEXIS 47118, *14 (D.N.J. May 13, 2010)
(Martini, J.) ("A plan administrator is, in relevant part, either expressly designated in the plan
documents or is the plan sponsor 'if an administrator is not so designated.'") (citing 29 U.S.C. §
1002(16)(A)(i)-(ii)).  As such, Plaintiff's allegations to this effect in Count Six are misdirected at
Defendants and must be dismissed.  See Wargotz, 2010 Dist. LEXIS 47118 (dismissing the
plaintiff's Section 502(c)(1)(B) claim against the defendant because it was not the "plan
administrator").

**V.   COUNT SEVEN OF THE COMPLAINT DOES NOT STATE A
PLAUSIBLE CAUSE OF ACTION AND MUST THEREFORE BE
DISMISSED IN ITS ENTIRETY**

In Count Seven of Plaintiff's Complaint, Plaintiff pleads a "[v]iolation of the saving
clause of ERISA."  The "savings clause," embodied in Section 514(a), 29 U.S.C. §
1144(b)(2)(A) is an exception to ERISA's conflict preemption provision under section 1144.  It
provides that certain laws directed to insurance are not subject to conflict preemption under this
section.  Most fundamentally, the savings clause is not a cause of action.  Indeed, it is not clear
how a private party could breach this clause, which is, ultimately, a choice of law provision for
the courts to apply.  What is more, the savings clause has no application to self-funded (i.e., non-
insured) plans like the majority of the plans in this case[6], and it does not affect the preemptive
sweep of ERISA's section 1132, the complete preemption doctrine.  In any event, Plaintiff's

---

[5]     In addition, as part of its R. 26 requirements, Defendant CGLIC submits that it will
produce the administrative record of the plan beneficiaries' claims, including the Summary Plan
Descriptions ("SPDs") in its possession.  By agreement among counsel, Defendant CGLIC
agreed to produce the SPDs in its possession to Plaintiff's counsel as soon as practicable.
Defendant CGLIC has collected the majority of the documents for the 59 plan beneficiaries, and
the documents are presently undergoing attorney review.

[6] See Certification of Allana L. Nason, Esq. [CITE to ALN CERT re: # of ASO plans]

Count Seven of the Complaint for violation of the savings clause must be dismissed in its entirety.

Tellingly, Plaintiff seems to be aware of the fact that the savings clause is not a cause of action, but rather a narrow exception to ERISA's preemptive power.  Plaintiff pleads: "The terms of Defendants' policies or plans governing the payment of the services rendered under this Complaint are governed by state law, and to the extent ERISA may be proven to apply to the claims in this action the SAVINGS provision of ERISA requires an interpretation of New Jersey State insurance law, and ERISA would accordingly not preempt the issue presented in this matter."  Compl. ¶ 20.  The savings clause provides that laws "regulating insurance, banking or securities" remain viable, even if they would otherwise be subject to the preemptive effect of Section 514(a).  It is a narrow exception to ERISA's preemptive scheme, dictating the applicability of the federal statute; it is not a cause of action.

The exception to ERISA preemption provided by the "savings clause" is, however, quite limited and does not apply to the instant matter.  First, the Supreme Court has found that "a state law must be 'specifically directed toward' the insurance industry in order to fall under ERISA's savings clause; laws of general application that have some bearing on insurers do not qualify." Kentucky Ass'n of Health Plans, Inc. v. Miller, 538 U.S. 329, 334 (2003).  ("It is well established in our case law that a state law must be 'specifically directed toward' the insurance industry in order to fall under ERISA's savings clause; laws of general application that have some bearing on insurers do not qualify." Id. (emphasis added) (citing Pilot Life Ins. Co., 481 U.S. at 50 (1987)); see also Rush Prudential HMO, Inc. v. Moran, 536 U.S. 355, 366 (2002); FMC Corp., 498 U.S. at 61 (1990).

Here, Plaintiff has plead state common law causes of action:  breach of contract, breach of promissory estoppel, breach of fiduciary duty, and breach of the implied covenant of good faith and fair dealing.  None of those laws are "specifically directed" toward the insurance industry nor are they meant to regulate it.  Accordingly, the savings clause is not applicable to Counts One through Four of the Complaint as to the 57 ERISA plans.

Second, the "savings clause" does not limit the preemptive sweep of Section 502's "comprehensive" and "deliberately expansive" civil enforcement scheme.  Indeed, "even a state law that can arguably be characterized as 'regulating insurance' will be preempted if it provides a separate vehicle to assert a claim for benefits outside of, or in addition to, ERISA's remedial scheme."  Davila, 542 U.S. at 217-18.  Thus, to the extent a state law regulating insurance provides a civil remedy for the improper processing of a claim for benefits, it is preempted notwithstanding the applicability of the "savings clause."  Pilot Life Ins. Co., 481 U.S. at 57; see also Barber v. UNUM Life Ins. Co. of Am., 383 F.3d 134, 141 (3d Cir. 2004) ("[E]ven if [Pennsylvania's bad faith insurance claim statute] were found to 'regulate insurance' under the saving clause, it would still be preempted because the punitive damages remedy supplements ERISA's exclusive remedial scheme."); Prudential Ins. Co. of Am. v. National Park Med. Center, Inc., 413 F.3d 897, 513-14 (8th Cir. 2005) (Arkansas Patient Protection Act "saved" from preemption under Section 514(b), but civil penalties preempted under Section 502 with respect to suits that could have been brought under ERISA).

Finally, the savings clause has no application at all to benefit plans that are self-insured. The savings clause, an exception itself to preemption under Section 514, is also subject to an exception -- the so-called "deemer clause" of Section 514.  See 29 U.S.C. § 1144(b)(2)(B).  The deemer clause provides that employee benefit plans, distinct from their insurers, will not be

considered insurance companies for the purposes of the savings clause.  Consequently, ERISA

preemption is not affected by the savings clause with respect to self-funded plans.  <u>FMC Corp.</u>,

498 U.S. at 61 (1992).

## VI. COUNTS ONE THROUGH FIVE OF THE COMPLAINT ARE NOT ADEQUATELY PLEAD UNDER <u>TWOMBLY</u> AND MUST BE DISMISSED

Although there is no room for argument that Plaintiff's state law claims in Counts 1-4 do

not survive preemption under ERISA, Defendants submit that even if these claims were

cognizable under state law, they are not adequately plead under <u>Twombly</u> and may be dismissed

on that ground alone.  This argument applies with equal force to Count Five as an incompletely

pled ERISA benefits claim.

### A. Count One -- Breach of Contract

As explained <u>supra</u>, Point I, Federal Rule of Civil Procedure 8 requires that a Complaint

give the defendant fair notice of both the claims that a plaintiff seeks to bring as well as the

grounds upon which those claims are based.  <u>Phillips</u>, 515 F.3d at 233.  Where a plaintiff alleges

a breach of contract, both Rule 8 and notions of common sense demand that the Complaint

identify both the contract at issue and the specific contractual provisions that the defendant is

alleged to have breached.  As the United States District Court for the District of New Jersey has

made clear, "[i]t is axiomatic that contract-based claims that do not adequately identify the

contract at issue fail to 'set forth fair notice' of a claim and 'the grounds upon which it rests' and

do not 'raise a right to relief above the speculative level.'"  <u>In re Samsung DLP TV Class Action</u>

<u>Litig.</u>, 2009 U.S. Dist. LEXIS 100065, *17 (D.N.J. Oct. 27, 2009) (Brown, C.J.) (finding that

because the plaintiffs had failed to sufficiently identify the contracts upon which their breach of

contract claims were based, those claims had to be dismissed); <u>see</u> <u>also</u> <u>Grambling Univ. Nat'l</u>

20

Alumni Ass'n v. Bd. of Supervisors for the La. Sys., 286 F. App'x 864, 870 (5th Cir. 2008)
(noting that the plaintiffs' breach of contract claim failed for a variety of reasons, including that
plaintiffs did not identify the content of the contractual provisions at issue); Campbell v. PMI
Food Equip. Group, Inc., 509 F.3d 776, 787 (6th Cir. 2007) (finding that the plaintiffs' breach of
contract claim had to be dismissed where the plaintiffs failed to identify the contractual provision
that the defendants were alleged to have breached); Clendenin v. Wells Fargo Bank, N.A., 2009
U.S. Dist. LEXIS 109952 (S.D. W. Va. Nov. 24, 2009) (same).

      Here, although Plaintiff has identified its Patients and plan beneficiaries, Defendants are
unable to identify in the Complaint the specific contractual terms that Plaintiff alleges
Defendants violated because Plaintiff has failed to specify which provisions are at issue.
Plaintiff merely alleges that "CIGNA's denials of payment were not made in accordance with the
terms of the patient's plan or policy."  Compl. ¶ 91.  Plaintiff's vague references to the plans or
polices are insufficient and do not allege which provisions are at issue.  To state a claim, Plaintiff
must set forth why it believes defendant should have paid, which will require identifying the
provision of the plans Plaintiff thinks was breached when the claims were denied.  The
Complaint fails to satisfy this basic requirement and Plaintiff's breach of contract claims fails to
pass muster under Twombly as a state law claim and must therefore be dismissed.

      **B.**      **Count Two -- Promissory Estoppel**

      The allegations of Count Two are based upon vague allegations of alleged
communications between Plaintiff and Defendants.  Plaintiff pleads that based on its alleged
"matter of practice" to contact Defendants "before services were rendered" and Defendants'
alleged confirmation that "benefits did exist for the services to be rendered," Plaintiff

"reasonably relied" upon the alleged representations.  Compl. ¶¶ 97-9.  Plaintiff alleges a promissory estoppel claim based upon these at best, vague allegations.

In order to establish a promissory estoppel claim, a plaintiff must establish that: "(1) there was a clear and definite promise; (2) the promise was made with the expectation that the promisee would rely upon it; (3) the promisee reasonably did rely on the promise; and (4) incurred a detriment in said reliance."  Martin v. Port Auth. Transit Corp., 2010 U.S. Dist. LEXIS 29522, *15-16 (D.N.J. Mar. 25, 2010) (internal quotes and citation omitted).  For the reasons discussed supra, Point IV(H), the Complaint is devoid of any allegations regarding a "clear and definite" promise.  Id.  This claim is another attempt by Plaintiff to articulate a claim for benefits that does not satisfy the pleading requirement of Twombly.

### C.   Count Three -- Breach of Fiduciary Duty

To the extent that Count Three of the Complaint seeks relief pursuant to a state common law scheme, Plaintiff's claim for breach of fiduciary duty is a mere reiteration of its claim for breach of contract, and similarly must be dismissed for lack of adequate pleading pursuant to Twombly.  Defendants reiterate and rely upon the reasons discussed at Point VI(A) regarding Plaintiff's failure to plead a proper breach of contract claim under Twombly.

Plaintiff alleges, "CIGNA breached its fiduciary duty . . . by failing to reimburse . . . pursuant to the terms of the plan or policy . . . "  Compl. ¶ 106.  Such pleading is insufficient. Plaintiff has failed to identify any specific terms or provisions of the plans that Defendants violated, giving rise to a breach of fiduciary duty.  To state such a claim, Plaintiff must set forth why it believes Defendants should have paid.  Plaintiff must also identify the provision(s) of the plans Plaintiff thinks were breached when the claims were denied.  The Complaint fails to satisfy

these basic requirements and therefore, the claim fails to pass muster under <u>Twombly</u>.  Count Three of Plaintiff's Complaint simply does not rise above the "defendant-unlawfully-harmed-me accusation" that the Supreme Court has held will not satisfy the Rule 8 pleading standard. <u>Ashcroft</u>, 129 S. Ct. at 1949, and must therefore be dismissed.

### D.    <u>Count Four -- Breach of Duty of Good Faith and Fair Dealing</u>

As explained supra, Point III(D), Plaintiff's claim of a breach of good faith and fair dealing in Count Four is just a simple claim for benefits under the guise of a poorly plead state law cause of action.  This claim sounds in contract, and as such, Defendants reiterate and rely upon the reasons discussed at Point VI(A) regarding Plaintiff's failure to plead a proper breach of contract claim under <u>Twombly</u>.   Moreover, a breach of the duty of good faith and fair dealing requires that the defendant act to frustrate the essential bargain between the parties.  <u>Sons of Thunder v. Borden, Inc.</u>, 148 N.J. 396, 420 (1997).  The cause of action requires allegations of bad faith.  <u>Id.</u>

Here, Plaintiff merely alleges, "CIGNA as a healthcare carrier and/or the administrator, had an obligation to act in good faith and fair dealing by duly reimbursing . . . pursuant to the terms of the insurance policy or plan."  Compl. ¶ 111.  Plaintiff then alleges that Defendants "did not act in good faith and fair dealing, but rather denied payment for services duly rendered for its own self interest of maximizing profit."  <u>Id.</u> ¶ 112.  There is no plausible allegation of how Plaintiff's expectation was frustrated beyond the obvious point that Plaintiff wishes to be paid nor what Defendant actually did that would amount to bad faith.  Plaintiff complains that Defendants should have paid "pursuant to the terms of the insurance policy or plan", but this simply re-states the question of whether the plans, properly interpreted, require payment to Plaintiff.   In short, Plaintiff's bad faith allegation is merely that Defendants denied the benefits.

Thus, as before, Plaintiff's vague references to the plans or polices are insufficient. Plaintiff has failed to identify any specific terms or provisions of the plans that Defendants violated, giving rise to a breach of good faith and fair dealing.  To state a claim, Plaintiff must set forth why it believes Defendants should have paid, which requires identification of the provision(s) of the plans Plaintiff thinks were breached when the claims were denied.  Once again, the Complaint fails to satisfy these basic requirements and therefore, this claim also fails to pass muster under <u>Twombly</u>.  Once more, this simply does not rise above the "defendant-unlawfully-harmed-me accusation" that the Supreme Court has held will not satisfy the Rule 8 pleading standard.  <u>Ashcroft</u>, 129 S. Ct. at 1949.

E.     **Count Five -- ERISA:  Failure to make payment due under ERISA 502(a)(1)**

Count Five of the Complaint should be dismissed because it fails to identify facts sufficient to give Defendants fair notice of the grounds upon which its ERISA claim is based. <u>See</u> <u>Phillips</u>, 515 F.3d at 233.  A plaintiff must plead how the underlying benefits plans were violated to state a claims for a wrongful denial of benefits.  <u>See, e.g.</u>, <u>Advanced Rehab., LLC v. UnitedHealth Group, Inc.</u>, No. 10-cv-00263, 2011 U.S. Dist. LEXIS 27710 (D.N.J. Mar. 17, 2011) (listing, quoting, and summarizing the health plans under which a class of plaintiffs brought ERISA claims).  Plaintiff has not satisfied this fundamental pleading requirement.  <u>See</u>, e.g., <u>Forest Ambulatory Surgical Assocs., L.P. v. United Healthcare Ins. Co.</u>, No. 10-cv-04911-EJD, 2011 U.S. Dist. LEXIS 75433, at *13 (N.D. Cal. July 13, 2011) ("To state a claim under [§ 502(a)(1)(B)], a plaintiff must allege facts that establish the existence of an ERISA plan as well as the provisions of the plan that entitle it to benefits."); <u>see also</u> <u>Twombly</u>, 550 U.S. at 555 (the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests").

Count Five seeks damages related to the denial of Plaintiff's claims for benefits for treatment rendered to patients enrolled in health plans administered and/or insured by the Defendants.  Plaintiff contends that it received assignments of its patients' benefits for those medical services and thus sought reimbursement directly from the Defendants, which denied Plaintiff's claims.  Compl. ¶¶ 1, 9-10.  Plaintiff, however, has failed to identify the specific provisions of the plans that the Defendants are alleged to have violated.  Having failed to plead facts describing what the CIGNA Defendants have done wrong, Plaintiffs have not stated a plausible claim for a violation of ERISA § 502(a)(1)(B) and have failed to meet the basic pleading requirements of Twombly.

Faced with facts and claims similar to those pleaded here, courts have rejected section 502(a)(1)(B) claims where the plaintiffs failed to identify the actual plan terms the defendants allegedly breached in denying coverage.  See, e.g., Sanctuary Surgical Centre, Inc. v. United Healthcare, Inc., No. 11-cv-80800-DTKH, 2012 U.S. Dist. LEXIS 1114, *5 (S.D. Fl. Jan. 5, 2012).  The Sanctuary court explained that without detailing the actual plans and provisions, the plaintiffs have not properly pled "the existence of an ERISA plan under which to sue."  Id. at *6.  Likewise, the Count Five of the Complaint suffers the same defect and should be dismissed here.

Plaintiffs have not pled any facts establishing that the Defendants' benefit determinations were incorrect, and thus have failed to set forth a "plausible" claim for a violation of section 502(a)(1)(B) of ERISA pursuant to Twombly.  Count Five does not rise above the "unadorned, the-defendant-unlawfully-harmed-me accusation," but lacks the degree of basic specificity required under federal law and must be dismissed without prejudice in order for Plaintiff to sufficiently amend the Complaint and remedy its deficiencies.  Ashcroft, 129 S. Ct. at 1949.

\*       \*       \*       \*       \*

Even if the state law claims alleged in Counts One through Four of Plaintiff's Complaint were cognizable -- and all but two are are preempted by ERISA -- they each still should be dismissed on <u>Twombly</u> grounds because they present bare conclusions without providing a factually plausible background and thus fail to articulate the grounds upon which Plaintiff is entitled to relief.  The ERISA benefits claim of Count Five has the same infirmity.  It is not in accordance with the United States Supreme Court law on Rule 8 and it is fundamentally unfair to permit Plaintiffs to prosecute their claim without articulating a fully-found theory of why the plans were breached.  Defendants cannot marshal their arguments on the plan issues if they do not know what terms are in dispute.  As only one example of the procedural unfairness, because the plans are incorporated by reference in the pleading, it is entirely possible that a dispute over the plan terms could be resolved as a matter of law upon a Rule 12 motion.  Without a pleading identifying where in the plans the dispute lies, this opportunity for a prompt, merits-based resolution of the case -- one that is specifically provided for in the federal rules -- is rendered useless.  Those Counts of the Complaint that are not preempted or simply invalid under federal law should, therefore, be dismissed entirety under <u>Twombly</u> and Plaintiffs, if they can, should be required to plead again with specificity sufficient to permit Defendants to present their defenses and for the Court to rule upon them.

## <u>CONCLUSION</u>

For the reasons set forth above, Defendants respectfully request that Plaintiff's Complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  Specifically, Defendants respectfully request that Counts One through Four as to the plans subject to ERISA, and Counts Six and Seven of Plaintiff's

Complaint as to all of the plans be dismissed with prejudice, as either preempted under federal law or simply not stating any cause of action.  Defendants respectfully request that the balance of the Complaint -- Count Five as to the ERISA plans and Counts One through Four as to the non-ERISA plans -- be dismissed without prejudice under Federal Rule of Civil Procedure 8 as insufficiently pled to state a viable cause of action.


**GIBBONS P.C.**


By:     s/E. Evans Wohlforth, Jr.
E. Evans Wohlforth, Jr.
Allana L. Nason
One Gateway Center
Newark, New Jersey 07102-5310
Tel:  (973)596-4879
Fax:  (973) 639-6486
*Attorneys for Defendants Connecticut General Life Insurance Company and CIGNA Healthcare of New Jersey, Inc.*

Dated: May 29, 2012