**LAW OFFICE OF SEAN R. CALLAGY, ESQ.**
Sean R. Callagy, Esq.
Michael J. Smikun, Esq.
Mack-Cali Centre II
650 From Road, Suite 565
Paramus, New Jersey 07652
Attorneys for Plaintiff Advanced Surgery Center

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **ADVANCED SURGERY CENTER on assignment from S.A., S.AC, D.C., I.C, J.C., L.C., D.CE, J.C., M.C., K.C., O.D., H.D., E.D., J.E., R.F., D.G., C.G., D.G., C.G., E.H., A.H., G.H., W.H., J.J, M.J., E.J., J.K., J.KB, H.K., H.L., P.L., M.L., J.L., Y.L., M.M., R.M., B.M., M.M., J.N., H.P., V.P., Y.P., P.R., H.R., J.S., J.S., K.S., M.S., S.S., K.T., D.T., P.T., J.T., M.V., A.V., C.W., C.WE, S.X. & J.S.,** : | : | **DOCKET NO.: 12-2715 (JLL)(MAH)**<br><br>**CIVIL ACTION**<br><br>**FIRST AMENDED COMPLAINT** |
| **Plaintiff(s),** | : | |
| **v.** | : | |
| **CONNECTICUT GENERAL LIFE INSURANCE COMPANY d/b/a CIGNA; CIGNA HEALTHCARE OF NEW JERSEY, INC.; JOHN/JANE DOES, 1-10; ABC CORP., 1-10; ABC LLC, 1-10; ABC PARTNERSHIP, 1-10;** | : | |
| **Defendants.** | : | |

     **Plaintiff, Advanced Surgery Center**, by way of complaint against Defendants, Connecticut General Life Insurance Company d/b/a CIGNA, CIGNA Healthcare of New Jersey, Inc., John/Jane Does, 1-10; ABC Corp., 1-10; ABC LLC, 1-10; ABC Partnerships, 1-10; says as follows:

1.  Advanced Surgery Center brings this action, pursuant to assignments of benefits that Advanced Surgery Center received from patients who are participants of health benefits plans or policies provided or administrated by Defendants, to, *inter alia,* recover funds that Defendants wrongfully failed to pay Advanced Surgery Center.

2.  Additionally, Advanced Surgery Center also brings claims individually on its own behalf for injuries suffered as a result of Defendants' misconduct.

## THE PARTIES

3.  For all relevant times herein, Advanced Surgery Center is and was a surgical practice as defined by N.J.S.A. 45:9-22.5a, whose principal place of business is 1200 US Highway 46, City of Clifton, State of New Jersey.

4.  At all relevant times, Defendant Connecticut General Life Insurance Company d/b/a CIGNA ("CGLIC") is and was a national health carrier doing business in the State of New Jersey and the County of Bergen, with its principal place of business at 900 Cottage Grove Road, City of Bloomfield, State of Connecticut.

5.  At all relevant times, Defendant CIGNA Healthcare of New Jersey, Inc. is and was a health carrier with its principal place of business is 499 Washington Boulevard, 5th Floor, City of Jersey City, State of New Jersey.

6.  The CIGNA Defendants referenced above shall collectively be referenced in this Complaint as "CIGNA."

7.  Upon information and belief, CIGNA also administers health benefit policies and plans, and provides payment and reimbursement for medical and surgical services rendered in the State of New Jersey.

8.      John/Jane Does, 1-10; ABC Corp., 1-10;  ABC LLC, 1-10; ABC Partnership, 1-10

have been added as Defendants in this matter because their identity is not known at

this time, and Plaintiff is including them in this action through fictitious names.  On

information and belief, the unidentified defendants are involved and/or responsible,

and/or represent others who are involved and/or responsible, for the payment of

services rendered by Plaintiff in this action.

### THE ANATOMY OF THE CLAIM

9.      This dispute arises from CIGNA's failure to reimburse Advanced Surgery Center for the

medically necessary services provided to patients receiving ambulatory surgery covered

by health benefits policies or plans issued and/or administered by CIGNA.

10.     Plaintiff is a non-participating provider of healthcare services. This means that Plaintiff

did not have a contract with Defendants to accept agreed upon rates for the services

provided to "in-network" patients.  As such, all of the services at issue were provided

"out of network."

11.     Advanced Surgery Center provides surgical services for patients receiving ambulatory

surgery, and provided such services to the Assignor patients in this action.

12.     CIGNA has denied payment for the services rendered on the purported basis CIGNA

does not pay for the services at issue for Plaintiff's "type of provider."

13.     Specifically, upon information and belief, CIGNA refuses to pay for services rendered by

a one bed "surgical practices."

14.     Notably, Advanced Surgery Center is not required by New Jersey law to obtain a separate

license because it is a "surgical practice" as described under N.J.S.A. 45:9-22.5a.

15.     CIGNA's purported basis for nonpayment is, upon information and belief, disingenuous and a pretext to avoid making payment that is due and owing.

16.     Indeed, upon information and belief, CIGNA has a website at cigna.com and maintains a Health Care Professionals Directory under such website. <u>See</u> <u>http://cigna.benefitnation.net/cigna/docdir.aspx</u>.

17.     Under such above-referenced Directory, CIGNA has an option entitled "Other facility types" and one of the types provided on the dropdown menu is "Outpatient Surgery Services."

18.     Upon information and belief, CIGNA has listed several ambulatory surgical centers as approved "in-network" providers, even though such centers are similar to Plaintiff in that they are single operating room providers and accordingly do not have licenses because the State of New Jersey does not require such license.

19.     CIGNA has acted in an arbitrary and capricious manner in denying payment to Plaintiff for the services rendered.

20.     CIGNA's actions also go against important public goals to allow patients to receive services from their medical provider of choice.

21.     CIGNA's actions also contravene New Jersey's legislature which is empowered with the authority and responsibility to determine the requirements for single-operating room surgical practices in the State of New Jersey.

22.     The terms of Defendants' policies or plans governing the payment of the services rendered under this Complaint are governed by state law, and to the extent ERISA may be proven to apply to the claims in this action, ERISA would not preempt all of the State Law claims asserted in this matter.

**THE CLAIMS AT HAND**

23.     The specific identifying information of the patients will not be included in this Complaint due to privacy protection, but each claim has been billed to CIGNA with the specificity required for processing.

24.     Specifically, Advanced Surgery Center provided medically reasonable and necessary services to S.A. on 5/21/08, S. Ac. on 7/25/08, D. C. on 7/1/08, IC on 3/4/10, J.C. on 9/19/09, L.C. on 9/16/08, D.C. on 7/31/08, J.C. on 9/12/08, M.C. on 12/13/08, K.C. on 6/9/07, O.D. on 7/23/08, H.D. on 10/13/10, E.D on 10/20/09, J.E. on 4/5/08, R.F. on 11/7/08, D.G. on 8/3/08, C.G. on 4/12/08, D.G. on 12/2/08, C.G. on 9/6/08, E.H. on 12/1/08, A.H. on 9/29/09, G.H. on 5/31/08, W.H. on 5/31/08, J.J. on 12/13/08, M.J. on 9/19/08, E.J. on 10/7/08 through 11/17/08, J.K. on 7/14/08-7/21/09, J.K.B. on 12/2/08, H.K. on 6/18/07, H.L. on 11/8/08-11/22/08, P.L. on 8/27/08-10/8/08, M.L. on 12/3/08, J.L. on 11/22/08-1/31/09, Y.L. on 8/14/08, M.M. on 5/23/09-6/6/09, R.M. on 11/18/08, B.M. on 8/25/08, M.M. on 10/3/08, J.N. on 1/24/09 and 1/31/09, H.P. on 6/26/10, V.P. on 11/8/08, Y.P. on 10/18/08, P.R. on 4/8/08 and 4/15/08, H.R. on 5/7/10, J.S. on 9/6/08, J.S. on 7/12/08, K.S. on 6/14/08-1/24/09, M.S. on 9/24/08, S.S. on 6/23/08-6/25/08, K.T. on 8/7/07, D.T. on 11/11/08, P.T. on 10/1/07-11/3/09, J.T. on 1/24/09, M.V. on 9/18/07, A.V. on 12/29/07, C.W. on 8/13/08, C.WE on 9/10/08 and 9/24/08, S.E. on 6/17/08 and J.S. on 6/28/08 (collectively hereinafter, "Patients").

25.     Upon information and belief, Patients each provided Advanced Surgery Center with an Assignment of Benefits ("AOB"), which assigns all rights and benefits under that particular patient's insurance policy or plan.  When Patients assigned their benefits to Advanced Surgery Center, they designated Advanced Surgery Center as entitled to

certain benefits under the plan or policy, including, but not limited to, the right to receive payment.

26. Additionally, prior to providing services, Plaintiff would contact Defendants to confirm patient eligibility, coverage, and out of network benefits for the plan or policy provided by or administered by Defendants. Plaintiff would not have provided services unless a response was received from Defendants that the patient was eligible, had coverage and out of network benefits were available to cover the services at issue.

27. After performing the medically reasonable and necessary services, Advanced Surgery Center prepares Health Insurance Claim Forms on behalf of each patient formally demanding reimbursement for the services rendered and sends them to the patient's insurance carrier and/or claims and/or plan administrator.

28. For S.A., subscriber number U308448801, Advanced Surgery Center billed CIGNA $11,400.00. CIGNA denied the claim and did not issue payment.

29. For S.AC, subscriber number U3260040101, Advanced Surgery Center billed CIGNA $33,995.00. CIGNA denied the claim and did not issue payment.

30. For D.C., subscriber number U0865749301, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

31. For I.C., subscriber number U3859162202, Advanced Surgery Center billed CIGNA $7,050.00. CIGNA denied the claim and did not issue payment.

32. For J.C., subscriber number U3297543101, Advanced Surgery Center billed CIGNA $7,200.00. CIGNA denied the claim and did not issue payment.

33. For L.C., subscriber number U1472698401, Advanced Surgery Center billed CIGNA $7,20.00. CIGNA denied the claim and did not issue payment.

34.     For D. CE., subscriber number U1334126401, Advanced Surgery Center billed CIGNA $11,400.00. CIGNA denied the claim and did not issue payment.

35.     For J.C., subscriber number U2415478801, Advanced Surgery Center billed CIGNA $7,200.00. CIGNA denied the claim and did not issue payment.

36.     For M.C., subscriber number U3357534601, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

37.     For K.C., subscriber number U2571234301, Advanced Surgery Center billed CIGNA $11,400.00. CIGNA denied the claim and did not issue payment.

38.     For O. D., subscriber number U2737310901, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

39.     For H. D., subscriber number U3942952401, Advanced Surgery Center billed CIGNA $7,125.00. CIGNA denied the claim and did not issue payment.

40.     For E.D., subscriber number U3754550501, Advanced Surgery Center billed CIGNA $15,200.00. CIGNA denied the claim and did not issue payment.

41.     For J.E., subscriber number U2999848001, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

42.     For R.F., subscriber number U0190147701, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

43.     For D.G., subscriber number U1036709801, Advanced Surgery Center billed CIGNA $11,400.00. CIGNA denied the claim and did not issue payment.

44.     For C.G., subscriber number U0181385001, Advanced Surgery Center billed CIGNA $11,400.00. CIGNA denied the claim and did not issue payment.

45.     For D.G., subscriber number U0945825401, Advanced Surgery Center billed CIGNA $7,200.00. CIGNA denied the claim and did not issue payment.

46.     For C.G., subscriber number U0945672101, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

47.     For E.H., subscriber number U0181069701, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

48.     For A.H, subscriber number U0942283702, Advanced Surgery Center billed CIGNA $17,600.00. CIGNA denied the claim and did not issue payment.

49.     For G.H., subscriber number U0991616601, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

50.     For W.H., subscriber number U0991616602, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

51.     For J.J., subscriber number U2415502502, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

52.     For M.J., subscriber number U0189076001, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

53.     For E.J., subscriber number U3038084601, Advanced Surgery Center billed CIGNA $36,000.00. CIGNA denied the claim and did not issue payment.

54.     For J.K., subscriber number U1265130402, Advanced Surgery Center billed CIGNA $159,057.00. CIGNA denied the claim and did not issue payment.

55.     For J.K.B., subscriber number U1366564601, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

8

56.     For H.K., subscriber number U0175749101 Advanced Surgery Center billed CIGNA $3,800.00. CIGNA denied the claim and did not issue payment.

57.     For H.L., subscriber number U0979718701, Advanced Surgery Center billed CIGNA $11,400.00. CIGNA denied the claim and did not issue payment.

58.     For P.L., subscriber number U01881097, Advanced Surgery Center billed CIGNA $14,200.00. CIGNA denied the claim and did not issue payment.

59.     For M.L., subscriber number U018827801, Advanced Surgery Center billed CIGNA $7,200.00. CIGNA denied the claim and did not issue payment.

60.     For J.L., subscriber number U017748401, Advanced Surgery Center billed CIGNA $15,000.00. CIGNA denied the claim and did not issue payment.

61.     For Y.L., subscriber number U2382754902, Advanced Surgery Center billed CIGNA $7,257.50. CIGNA denied the claim and did not issue payment.

62.     For M.M., subscriber number U0188701201, Advanced Surgery Center billed CIGNA $39,400.00. CIGNA denied the claim and did not issue payment.

63.     For R.M., subscriber number U0967104801, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

64.     For B.M., subscriber number U3005420102, Advanced Surgery Center billed CIGNA $7,200.00. CIGNA denied the claim and did not issue payment.

65.     For M.M., subscriber number U2673626501, Advanced Surgery Center billed CIGNA $11,812.50. CIGNA denied the claim and did not issue payment.

66.     For J.N., subscriber number U09166744501, Advanced Surgery Center billed CIGNA $26,800.00. CIGNA denied the claim and did not issue payment.

67.     For H.P., subscriber number U39898941, Advanced Surgery Center billed CIGNA $7,125.00. CIGNA denied the claim and did not issue payment.

68.     For V.P., subscriber number U0882272401, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

69.     For Y.P., subscriber number U0897579001, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

70.     For P.R., subscriber number U3012629301, Advanced Surgery Center billed CIGNA $12,157.50. CIGNA denied the claim and did not issue payment.

71.     For H.R., subscriber number U3861592802, Advanced Surgery Center billed CIGNA $24,225.00. CIGNA denied the claim and did not issue payment.

72.     For J.S., subscriber number U01158910, Advanced Surgery Center billed CIGNA $11,400.00. CIGNA denied the claim and did not issue payment.

73.     For J.S., subscriber number U0942243303, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

74.     For K.S., subscriber number U0168765601, Advanced Surgery Center billed CIGNA $33,225.00. CIGNA denied the claim and did not issue payment.

75.     For M.S., subscriber number U0670079502, Advanced Surgery Center billed CIGNA $7,200.00. CIGNA denied the claim and did not issue payment.

76.     For S.S., subscriber number 091667445, Advanced Surgery Center billed CIGNA $12,600.00. CIGNA denied the claim and did not issue payment.

77.     For K.T., subscriber number U01964192, Advanced Surgery Center billed CIGNA $3,800.00. CIGNA denied the claim and did not issue payment.

78.     For D.K., subscriber number U0988253501, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

79.     For J.T, subscriber number U2566888801, Advanced Surgery Center billed CIGNA $3,800.00. CIGNA denied the claim and did not issue payment.

80.     For P.T., subscriber number 252601070526, Advanced Surgery Center billed CIGNA $185,800.00. CIGNA denied the claim and did not issue payment.

81.     For M.V., subscriber number U0162101801, Advanced Surgery Center billed CIGNA $3,800.00. CIGNA denied the claim and did not issue payment.

82.     For A.V., subscriber number U2055521301, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

83.     For C.W., subscriber number U3302750301, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

84.     For C.WE., subscriber number U1221555901, Advanced Surgery Center billed CIGNA $11,400.00. CIGNA denied the claim and did not issue payment.

85.     For S.X., subscriber number U0964407201, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

86.     For J.S., subscriber number U0942243302, Advanced Surgery Center billed CIGNA $5,700.00. CIGNA denied the claim and did not issue payment.

87.     These respective denials total $948,329.50, and such amount remains due and owing pursuant to the subject benefit policies and/or plans at issue herein.

88.     Advanced Surgery Center attempted to resolve any dispute with CIGNA by contacting CIGNA and appealing the adverse determinations of CIGNA.  Furthermore, Advanced Surgery Center requested a copy of the Patients' plan or policy, a copy of the explanation

of benefits for each of the Patients, and a copy of the claim appeal procedure.  Upon information and belief, Plaintiff has exhausted all administrative remedies and appeals necessary as the prerequisite, if applicable, to commencement of this action.

89.    Upon information and belief, Defendants' refusal to pay Plaintiff is also in direct contradiction to Defendants' practices and procedures regarding payment of other similarly situated medical providers and licensure exempt surgical centers in the State of New Jersey.

90.    Upon information and belief, Defendants continue to pay similarly situated participating and non-participating providers for the same or similar services rendered by Plaintiff to Patients.

91.    Upon information and belief, Defendants have similarly situated surgical centers that are participating providers that continue to receive payment for the same or similar services rendered by Plaintiff to Patients.

92.    Upon information and belief, the plans and policies at issue, whether governed by ERISA or not, provide for out of network benefits to be paid to providers that are similarly situated to Plaintiff's practice.

93.    Upon information and belief, the plans or policies at issue, whether governed by ERISA or not, do not exclude providers like Plaintiff from reimbursement for the services provided to Patients.

…

…

…

…

**THE FOLLOWING COUNTS APPLY TO**
**NON-ERISA PLANS OR POLICIES ONLY**

**COUNT ONE**

**BREACH OF CONTRACT**
**AS TO NON-ERISA PLANS/POLICIES**

94.    Plaintiff repeats and re-alleges the allegations of all preceding paragraphs and
incorporates same by reference hereto.

95.    Plaintiff asserts this Count only to the non-ERISA plan/policies at issue herein.  Upon
information and belief, at least one (1) of the plans/policies for Patients is not subject to
ERISA.

96.    The policy and/or plan governing each claim for services rendered in this action
constitutes a contract requiring CIGNA to render payment for services rendered
according to the terms of the plan or policy.

97.    Advanced Surgery Center is the assignee of benefits of patients who received services as
described in this action.

98.    Advanced Surgery Center has demanded payment by CIGNA for such services rendered.

99.    CIGNA has refused payment and is thereby in breach of the above-referenced contracts.

100.    CIGNA's denials of payment were not made in accordance with the terms of the patient's
plan or policy.

101.    CIGNA failed to properly establish any basis to deny payment for the services rendered
to the Patients by Advanced Surgery Center.

102.    Upon information and belief, CIGNA failed to provide Patients and Advanced Surgery
Center with all required information and documents concerning plan or policy between
Patients and CIGNA.

103. Because of Defendants' willful breach of its contractual obligations, Plaintiff has been damaged and continues to suffer damages in the operation of its medical practice.

WHEREFORE, plaintiff, Advanced Surgery Center, demands judgment against Defendant, CIGNA as follows:

    a.     For an Order declaring Defendants are precluded from denying that payments should have been made to Advanced Surgery Center for services rendered under this action;

    b.     For an Order directing Defendant CIGNA  to pay $948,329.50;

    c.     For other compensatory damages and interest;

    d.     For attorneys fees and costs of suit;

    e.     For such other and further relief as the court may deem just and equitable.

## COUNT TWO

### BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING
### AS TO NON-ERISA PLANS/POLICIES

104. Plaintiff repeats and re-alleges the allegations of all preceding paragraphs and incorporates same by reference hereto.

105. Plaintiff asserts this Count only to the non-ERISA plan/policies at issue herein.  Upon information and belief, at least one (1) of the plans/policies for Patients is not subject to ERISA.

106. CIGNA as the healthcare carrier and/or the administrator, had an obligation to act in good faith and fair dealing by duly reimbursing Patients, and as a result, Advanced Surgery Center pursuant to the terms of the insurance policy or plan.

107. CIGNA breached this duty by inappropriately withholding reimbursement to Advanced Surgery Center.

14

WHEREFORE, plaintiff, Advanced Surgery Center, demands judgment against CIGNA, as follows:

    a.    For an Order declaring Defendants are precluded from denying that payments should have been made to Advanced Surgery Center for services rendered under this action;

    b.    For an Order directing Defendant CIGNA  to pay $948,329.50;

    c.    For other compensatory damages and interest;

    d.    For attorneys fees and costs of suit;

    e.    For such other and further relief as the court may deem just and equitable.

<u>**COUNT  THREE**</u>

**BREACH OF FIDUCIARY DUTY**
**AS TO NON-ERISA PLANS/POLICIES**

108.    Plaintiff repeats and re-alleges the allegations of all preceding paragraphs and incorporates same by reference hereto.

109.    Plaintiff asserts this Count only to the non-ERISA plans/policies at issue herein.  Upon information and belief, at least one (1) of the plans/policies for Patients is not subject to ERISA.

110.    Upon information and belief, CIGNA had a fiduciary duty to Patients as administrator for the plan or policy for each Assignor because CIGNA exercised discretion in determining the amounts of plan benefits that would be paid to those plan beneficiaries.  The exercise of discretion in such determinations of benefits is an inherently fiduciary function.

111.    Because Patients provided Advanced Surgery Center with an Assignment of Benefits, CIGNA owed Advanced Surgery Center a fiduciary duty to administer the plan or policy

with that degree of care, skill, prudence, loyalty and diligence that a prudent administrator would exercise under the circumstances.

112.   Upon information and belief, CIGNA breached its fiduciary duty to Advanced Surgery Center and Patients by failing to reimburse Advanced Surgery Center pursuant to the terms of the plan or policy, or Advanced Surgery Center usual, customary and reasonable rates.

113.   Upon information and belief, CIGNA acted in an arbitrary and capricious manner in exercising its fiduciary duty by permitting payment to certain non-licensed providers in a similar situation to Advanced Surgery Center, and in its denial of payment to Advanced Surgery Center for the similar type of services.

114.   Furthermore, CIGNA owed a duty of loyalty to Advanced Surgery Center as Assignee of the Patients' benefits, specifically, not to engage in self-dealing but to make decisions in the interest of the plan or policy beneficiaries.

115.   Upon information and belief, CIGNA breached its fiduciary duty by determining the amounts of plan or policy benefits that would be paid to the beneficiaries based on maximizing profit, rather than based on the terms of the plans and applicable statutes and regulations.

WHEREFORE, plaintiff, Advanced Surgery Center, demands judgment against Defendant, CIGNA, as follows:

a.   For an Order declaring Defendants are precluded from denying to make payment to Advanced Surgery Center for services rendered under this action;

16

b.  For an Order directing Defendant CIGNA  to disgorge benefits improperly retained in the amount of $948,329.50;

c.  For other compensatory damages and interest;

d.  For attorneys fees and costs of suit;

e.  For such other and further relief as the court may deem just and equitable.

## COUNT FOUR

### PROMISSORY ESTOPPEL
### AS TO NON-ERISA PLANS/POLICIES

116.  Plaintiff repeats and re-alleges the allegations of all preceding paragraphs and incorporates same by reference hereto.

117.  Plaintiff asserts this Count only to the non-ERISA plans/policies at issue herein.  Upon information and belief, at least one (1) of the plans/policies for Patients is not subject to ERISA.

118.  Advanced Surgery Center is the assignee of benefits of patients who received services as described in this action.

119.  Upon information and belief, Advanced Surgery Center as a general business practice contacted CIGNA before services were rendered to make sure the patient had out of network benefits for the medical services to be rendered.

120.  Upon information and belief, CIGNA informed Advanced Surgery Center benefits did exist for the services to be rendered.

121.  Advanced Surgery Center reasonably relied upon CIGNA's representations, and provided the medical services.

122.  CIGNA subsequently refused to pay for the services.

17

123. Advanced Surgery Center suffered substantial damage relying upon CIGNA's representations.

124. CIGNA should be precluded from refusing to pay Advanced Surgery Center for the services rendered.

WHEREFORE, plaintiff, Advanced Surgery Center, demands judgment against Defendant, CIGNA as follows:

    a. For an Order estopping Defendants from denying out of network benefits were available and that Advanced Surgery Center was entitled to receive those benefits notwithstanding their status as a one-bed ambulatory surgical center;

    b. For an Order declaring Defendants are precluded from denying to make payment to Advanced Surgery Center for services rendered under this action;

    c. For an Order directing Defendant CIGNA to pay $948,329.50;

    d. For other compensatory damages and interest;

    e. For attorneys fees and costs of suit;

    f. For such other and further relief as the court may deem just and equitable.

**THE FOLLOWING COUNTS APPLY TO THE EXTENT
DEFENDANTS ESTABLISH ERISA APPLIES
TO ANY OF THE CLAIMS INLCUDED IN THIS ACTION**

**COUNT FIVE**

**FAILURE TO MAKE PAYMENTS
PURSUANT TO SECTION 502(A)(1) OF ERISA**

125. Plaintiff repeats and re-alleges the allegations of all preceding paragraphs and incorporates same by reference hereto.

126.    Plaintiff avers this Count to the extent CIGNA may prove any of the claims in this action are governed by ERISA.

127.    The Employee Retirement Income Security Act of 1974 ("ERISA"), Section 502(a)(1), 29 U.S.C. 1132(a)(1) provides a cause of action for a beneficiary seeking payment under a plan.

128.    Advanced Surgery Center has standing to seek such above relief based on the assignments of benefits it received from the patient Patients.

129.    Upon information and belief, CIGNA acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

130.    Advanced Surgery Center is entitled to recover benefits due the Patients under any applicable ERISA plan.

131.    Upon information and belief, the plans and policies at issue, whether governed by ERISA or not, provide for out of network benefits to be paid to providers that are similarly situated to Plaintiff's practice.

132.    Upon information and belief, the plans or policies at issue, whether governed by ERISA or not, do not exclude providers like Plaintiff from reimbursement for the services provided to Patients.

133.    CIGNA has refused to make payment, and such refusals have not been made in good faith, but rather were arbitrary and capricious.

        WHEREFORE, plaintiff, Advanced Surgery Center, demands judgment against Defendant, CIGNA, as follows:

19

a.  For an Order declaring Defendants are precluded from denying that payments should have been made to Advanced Surgery Center for services rendered under this action;

b.  For an Order directing Defendant CIGNA to pay $948,329.50;

c.  For other compensatory damages and interest;

d.  For attorneys fees and costs of suit;

e.  For such other and further relief as the court may deem just and equitable.

## COUNT SIX

## CLAIM FOR EQUITABLE RELIEF UNDER ERISA PURSUANT TO 502(a)(3)

134.  Plaintiff repeats and re-alleges the allegations of all preceding paragraphs and incorporates same by reference hereto.

135.  Plaintiff avers this Count to the extent CIGNA may prove any of the claims in this action are governed by ERISA.

136.  This Count is brought pursuant to 29 U.S.C. § 1132(a)(3) ("ERISA § 502(a)(3)").

137.  Upon information and belief, CIGNA had a fiduciary duty to the patients as administrator for the plan or policy for each patient because CIGNA exercised discretion in determining the amounts of plan benefits that would be paid to those plan beneficiaries. The exercise of discretion in such determinations is an inherently fiduciary function.

138.  By engaging in the conduct described herein, CIGNA failed to comply with ERISA, its regulations, and federal common law.

139.  CIGNA violated the fiduciary obligations it owed to the patients by affirmatively misrepresenting the terms of the Plan and failing to provide information when it knew that its failure to do so might cause harm. Thus, CIGNA violated its obligation as an

ERISA fiduciary to provide full and accurate information to the plan beneficiaries regarding the administration of the plan.

140. Further, CIGNA violated the fiduciary obligations it owed to the patients by arbitrarily refusing to pay for services rendered by Plaintiff.

141. These violations caused patients not to receive the benefit payments they were entitled to.

142. As a result of CIGNA's breach of fiduciary duties, in violation of ERISA, it has been unjustly enriched by retaining benefits that it owed to patients and leaving those patients fully responsible for making such payments.

WHEREFORE, plaintiff, Advanced Surgery Center demands judgment against Defendant, CIGNA, as follows:

a. For an equitable declaratory judgment that CIGNA must recalculate the benefits based on a proper interpretation of Plan terms;

b. For a declaratory judgment that CIGNA cannot deny future benefits on the basis that Advanced Surgery Center is a one-bed surgical practice that is not required to be licensed under the law of the State of New Jersey;

c. For the remedy of restitution to Plaintiff of an amount necessary to make them whole for the benefits they did not receive;

d. For attorneys' fees, costs, prejudgment interest; and

e. other appropriate relief against CIGNA.

## COUNT SEVEN

### FAILURE TO SUPPLY REQUESTED INFORMATION

143. Plaintiff repeats and re-alleges the allegations of all preceding paragraphs and incorporates same by reference hereto.

144.   Plaintiff avers this Count to the extent CIGNA may prove any of the claims in this action are governed by ERISA.

145.   To the extent ERISA governs any of the claims for services rendered, CIGNA had a fiduciary duty to provide Advanced Surgery Center with a copy of the relevant summary plan description, plan, statement of benefits and claim appeals process for each claim upon request.

146.   Advanced Surgery Center has made such a request more than thirty days prior to the filing of the instant Complaint.

147.   As of the date of the filing of this Complaint, CIGNA has not provided Advanced Surgery Center with the requested documents.

148.   As such, CIGNA is in violation of Section 502 of the Employee Retirement Income Security Act ("ERISA").

WHEREFORE, plaintiff, Advanced Surgery Center demands judgment against Defendant, CIGNA, as follows:

a.   For an Order directing Defendant CIGNA to pay $110.00 for each day that CIGNA  has failed to supply the requested information; and

b.   For such other and further relief as the court may deem just and equitable.

## THE FOLLOWING COUNTS APPLY TO ALL PLANS/POLICIES

## COUNT EIGHT

## NEGLIGENT MISREPRESENTATION

149.   Plaintiff repeats and re-alleges the allegations of all preceding paragraphs and incorporates same by reference hereto.

150.   This Count applies to all claims whether or not the policy or plan is governed by ERISA.

22

151.   Defendants had a duty to act reasonably in making representations and provide accurate information concerning insurance coverage, eligibility and whether or not the plan/policy provided for out of network benefits.

152.   Defendants knew that these representations would be relied upon by the Plaintiff and that if those representations were not accurate Plaintiff would suffer significant harm.

153.   Notwithstanding, in conversations with Plaintiff's representatives and Defendants' representatives, Defendants' representatives advised and informed Plaintiff's representatives that the Patients were eligible for the services rendered by Plaintiff, that there was out of network benefits available for the services at issue, and that the subject facility fees were covered under the plan at issue.

154.   Defendants are now claiming, in direct contradiction to their prior statements and representations, that there is no coverage for the services at issue and have further refused to reimburse Plaintiff for those services.

155.   Defendants' statements and representations concerning coverage were made negligently, recklessly, and willfully.

156.   Plaintiff justifiably relied on the statements and representations made by and on behalf of Defendants in providing services to patients insured by the plans or policies provided by or administered by Defendants.

157.   Defendants' actions were negligent, reckless and willful and Plaintiff has suffered and continues to suffer damages as a result of Defendants tortious misconduct.

WHEREFORE, plaintiff, Advanced Surgery Center, demands judgment against Defendant, CIGNA, as follows:

a.     For an Order declaring Defendants are precluded from denying that

payments should have been made to Advanced Surgery Center for services

rendered under this action;

b.     For an Order directing Defendant CIGNA  to pay $948,329.50;

c.     For other compensatory damages and interest;

d.     For attorneys fees and costs of suit;

e.     For such other and further relief as the court may deem just and equitable.

Law Office of Sean R. Callagy, Esq., LLC
Attorneys for Plaintiff Advanced Surgery Center


By:     /S/Sean R. Callagy, Esq.
        Sean R. Callagy, Esq.

DATED:  August 8, 2012