UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADVANCED SURGERY CENTER *on assignment from* S.A., S.AC, D.C., I.C, J.C., L.C., D.CE, J.C., M.C., K.C., C.G., D.G., C.G., E.H., A.H., G.H., W.H., J.J, M.J., E.J., J.K., J.KB, H.K., H.L., P.L., M.L., J.L., Y.L., M.M., R.M., B.M., M.M., J.N., H.P., V.P., Y.P., P.R., H.R., J.S., J.S. | Civil Docket No.: 2:12-cv-02715-JLL-MAH |
| Plaintiff(s), | *Document Electronically Filed* |
| v. | |
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY d/b/a CIGNA; CIGNA HEALTHCARE OF NEW JERSEY, INC.; JOHN/JANE DOES 1-10; ABC CORP., 1-10; ABC LLC, 1-10; ABC PARTNERSHIP, 1-10; | |
| Defendants. | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

THE LAW OFFICE OF SEAN R. CALLAGY, ESQ., LLC
Sean Callagy, Esq.
Mack-Cali Centre II
650 From Road, Suite 565
Paramus, NJ 07652
(201) 261-1700

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT……………………………………………… 1

LEGAL ARGUMENT………………………………………………………… 2

      THE CONTENTS OF THE INSURANCE PLANS AT ISSUE
      ARE NOT BEFORE THE COURT AND MAY NOT BE
      CONSIDERED ON THIS MOTION…………………………………… 2

      COUNT FIVE IS ADEQUATELY PLEADED UNDER THE
      CIRCUMSTANCES AND MAY NOT BE FOUND TO BE
      BARRED BY THE STATUTE OF LIMITATIONS ……………………4

      COUNT SIX IS NOT REDUNDANT OF A CLAIM FOR
      PAYMENT OF BENEFITS…………………………………………….. 5

      COUNT SEVEN IS APPROPRIATELY DIRECTED
      AT DEFENDANTS…………………………………………………… 5

      THE STATE LAW CAUSES OF ACTION IN COUNTS
      ONE THROUGH FOUR OF THE FAC ARE
      ADEQUATELY PLEADED…………………………………………… 7

CONCLUSION……………………………………………………………….. 8

# TABLE OF AUTHORITIES

Adams v. The Brink's Co.,
261 Fed. Appx. 583 (4th Cir. 2008), *cert. denied*, 554 U.S. 903 (2008)..........................5

Acosta v. Pacific Enters.,
950 F.2d 611, 681 (9th Cir. 1991)...................................................................... 6

Benvenuto v. Connecticut General Life Insurance Co.,
643 F.Supp. 87, 90-91 (D.N.J. 1986).................................................................. 6

Bixler v. Central Pa. Teamsters Health and Welfare Fund,
12 F.3d 1292 (3d Cir. 1993)............................................................................ 5

Board of Trustees of Bricklayers & Allied Craftsmen Local 6 v. Wettlin Assocs., Inc.,
237 F.3d 270, 273 (3d Cir. 2001)...................................................................... 6

Harrow v. Prudential Insurance Co. of America,
279 F.3d 244, 254 (3d Cir. 2002)...................................................................... 5

John Hancock Mut. Life Ins. Co. v. Harris Trust & Sav. Bank,
510 U.S. 86, 96 (1993)................................................................................... 6

Jones v. UOP,
16 F.3d 141, 144-145 (7th Cir. 1994) ................................................................. 6

Kramer v. Smith Barney,
80 F.3d 1080, 1083 n.2 (5th Cir. 1996)................................................................ 6

Kujanek v. Houston Poly Bog I, Ltd.,
658 F.3d 483, 489 (5th Cir. 2011)...................................................................... 5

Law v. Ernst & Young,
956 F.2d 364, 372-374 (1st Cir. 1992)................................................................. 6

Local 56, United Food v. Campbell Soup Co.,
898 F. Supp. 1118, 1140-43 (D.N.J. 1995)........................................................... 5

Peck v. Imedia, Inc.,
293 N.J. Super. 151, 168 (App. Div. 1996)........................................................... 8

Varity Corp. v. Howe,
516 U.S. 489 (1996)...................................................................................... 5

## PRELIMINARY STATEMENT

Plaintiff Advanced Surgery Center ("ASC"), by way of assignment, has brought this lawsuit attempting to collect benefits due for medical services it provided to 59 beneficiaries of health insurance plans administered or issued by Defendant Connecticut General Life Insurance Company or CIGNA Healthcare of New Jersey, Inc. (collectively, "CIGNA"). Though Plaintiff participated in an internal appeals process with CIGNA, it has not provided Plaintiff with the basic documents and information it requested in the process, such as the insurance or employee welfare benefit plans at issue. Accordingly, Plaintiff was forced to initiate this litigation with a certain amount of uncertainty regarding: 1) whether the subject insurance plans were issued through an employer and therefore subject to the Employee Retirement Income Security Act ("ERISA"), and; 2) the terms of the individual or group insurance policies or plans at issue. Importantly, if ERISA governs some or all of the claims at issue in this case, then CIGNA's failure to provide the information and documents violated specific mandates of that statute entitling Plaintiff to monetary and equitable relief.

The Defendants have now moved to dismiss seven of the eight counts of Plaintiff's First Amended Complaint ("FAC"). Defendants have not moved to dismiss Count Eight of the FAC which states a claim for negligent misrepresentation based on statements made by the Defendants in the claims process.

As made more explicit below, Defendants' motion must be denied because the facts upon which it relies as the basis for its motion are not drawn from the FAC. Defendants' motion relies upon the premise that ERISA governs 57 of the 59 claims at issue. However, the only basis for that premise is an un-tested certification from a CIGNA employee filed in connection with CIGNA's removal of this matter to federal court. Again, if 57 of these claims are governed by

1

ERISA, then the Defendants violated ERISA at least 57 separate times when they failed to respond to the Plaintiff's requests for the governing documents.

Otherwise, Defendants' motion must be denied in its entirety because the claims of the FAC are adequately pleaded. But for the Defendants' failure to comply with their duty to provide copies of the relevant insurance plans, there would be no deficiencies in the pleading to complain of.

## LEGAL ARGUMENT

### I. THE CONTENTS OF THE INSURANCE PLANS AT ISSUE ARE NOT BEFORE THE COURT AND MAY NOT BE CONSIDERED ON THIS MOTION.

CIGNA's argument that that Count One through Seven of the FAC must be dismissed because the insurance Plans at issue do not cover the services at issue must be rejected. Simply put, the motion is pre-mature and without any basis in the pleadings. CIGNA makes two factual claims in support of this argument: 1) 57 of the 59 insurance plans at issue are governed by ERISA, and; 2) an incomplete portion of one Summary Plan Description ("SPD") allegedly issued to one of the 59 patients at issue is sufficient for the Court to find that all the SPDs or insurance policies at issue contain the same "general language." Both of the factual arguments are improper on the instant motions pursuant to Rule 12(b)(6).

It is rudimentary that the factual allegations of the subject pleading are taken as true for the purposes of this motion. Applying this principle, the Court must conclude at this stage that Plaintiff requested copies of the SPDs or insurance plans at issue and that the Defendants failed to provide them. See FAC ¶¶ 134-148. In other words, the operative facts are that Defendants have exclusive access to the governing documents and have refused to provide them to Plaintiff.

Despite these facts, the Defendants are attempting to introduce the content of these documents under the rule that they were referred to in the FAC. See Defendants' Brief at p. 7 & n.2. This rule does not apply here because the documents were not specifically referenced in the FAC or specifically referenced therein except to plead that they were not provided to Plaintiff. In sum, the Court may not make a finding as to the content of any SPDs or insurance plans or policies because Plaintiff is not yet in possession of those documents, has had no opportunity to review or verify their contents and discovery has not yet even begun. At a minimum, the Court must allow Plaintiff the opportunity to obtain all of the SPDs and other documents at issue before it makes a ruling as to the content and interpretation of them. This is a matter of basic due process.

Perhaps a case might be made for permissible reference to the SPDs in this motion if complete, certified copies of all of 59 of them had been provided. Rather, the Defendants have taken the extraordinary step of submitting a portion of one of the SPDs allegedly at issue and then simply declaring that the "general language of this model example is found in a majority of Summary Plan Descriptions that are the subject of the" FAC. See Nason Cert., 2. This is not enough. The Defendants have not provided the Court with a basis upon which it may determine the content of the SPDs or insurance plans or policies at issue. Therefore, the Court may not determine that Counts One through Seven of the FAC should be dismissed because the applicable SPDs or plans do not include coverage for the services at issue. There is no need to consider application of *Brunswick Surgical Center, L.L.C. v. CIGNA Healthcare* or any other case on this point because the language of the SPDs or policies at issue may not be compared to the language at issue in those cases.

Further, Counts Six and Seven of the FAC are independent of the terms of any SPDs found to be applicable in this case. That is, whether the terms of any SPD mandate payment for the medical services at issue is irrelevant to the claims asserted in Count Six and Seven of the FAC.

## II. COUNT FIVE IS ADEQUATELY PLEADED UNDER THE CIRCUMSTANCES AND MAY NOT BE FOUND TO BE BARRED BY THE STATUTE OF LIMITATIONS

Litigation should not proceed in a vacuum. Defendants argue that Plaintiff's claim in Count Five for payment of benefits under ERISA must be dismissed because Plaintiff has failed to plead the exact terms of the SPDs or insurance plans at issue. This argument completely ignores the allegations of the FAC at ¶¶ 134-148 where Plaintiff alleges that it attempted to secure copies of these documents from the Defendants who were legally obligated to provide them and that the Defendants wrongfully refused to comply. Thus, the Defendants' alleged misconduct in failing to turn over the documents is the only reason why the specific applicable language has not been pleaded.

Defendants also rely upon the alleged limitations periods found in the SPDs at issue as the basis for its motion to dismiss Count Five. For the same reasons expressed above, the Court may not determine the contents of any SPD on this motion and may not therefore consider any limitations periods expressed in those plans.

The FAC is perfectly frank in that it states Plaintiff has made all reasonable efforts to determine the content of the plans at issue and whether they are covered by ERISA. Had CIGNA abided by its fiduciary obligation to supply this information, as discussed below, there would be no vagaries in the FAC to complain of.

### III. COUNT SIX IS NOT REDUNDANT OF A CLAIM FOR PAYMENT OF BENEFITS

Plaintiff has not simply re-cast its claim for benefits under ERISA as breach of fiduciary duty claim under that statute. Rather, Plaintiff claims the Defendants breached their fiduciary duties by committing actions and omissions separate and apart from denying the benefits sought. Specifically, the FAC alleges that the Defendants breached their fiduciary duty by making misrepresentations as to the terms of the insurance plans at issue, FAC at ¶ 139, and by failing to respond to Plaintiff's requests for information including the relevant documents. See FAC at ¶¶ 145-147. Misrepresentations by a fiduciary are actionable as a breach of fiduciary duty. See Varity Corp. v. Howe, 516 U.S. 489 (1996); Adams v. The Brink's Co., 261 Fed. Appx. 583 (4th Cir. 2008, *cert. denied*, 554 U.S. 903 (2008); Local 56, United Food v. Campbell Soup Co., 898 F. Supp. 1118, 1140-43 (D.N.J. 1995). Also actionable is a fiduciary's failure to turn over the requested documents. See Bixler v. Central Pa. Teamsters Health and Welfare Fund, 12 F.3d 1292 (3d Cir. 1993); Kujanek v. Houston Poly Bog I, Ltd., 658 F.3d 483, 489 (5th Cir. 2011). These actionable allegations, if proven, will establish breaches of fiduciary duty "independent of the denial of benefits" and therefore may not be dismissed. See Harrow v. Prudential Insurance Co. of America, 279 F.3d 244, 254 (3d Cir. 2002).

### IV. COUNT SEVEN IS APPROPRIATELY DIRECTED AT DEFENDANTS

Once again, CIGNA asks the Court to conclude that the applicable SPDs do not designate CIGNA as a "Plan Administrator" and that therefore it is not a proper defendant as to Count Seven. This argument fails for two reasons: 1) as argued above, the Court may not determine the contents of any SPDs on this motion, and; 2) whether CIGNA was identified as a

"Plan Administrator" in an SPD is not determinative of whether it may be assessed the statutory penalty for failing to provide the requested documents and information.

First, the FAC alleges that CIGNA was under a fiduciary duty to provide the plan documents to Plaintiff because it was acting with discretion when it denied the claims and when it participated in the internal appeals process. See FAC at ¶9, 12, 19, 137-139, 145-147. These allegations support the conclusion, at this stage of the litigation, that CIGNA was a fiduciary as defined by ERISA. The existence of a fiduciary relationship under ERISA is a mixed question of law and fact. See Kramer v. Smith Barney, 80 F.3d 1080, 1083 n.2 (5th Cir. 1996). As a general principle, Congress intended the term "fiduciary" to be "broadly construed." See John Hancock Mut. Life Ins. Co. v. Harris Trust & Sav. Bank, 510 U.S. 86, 96 (1993). The "fiduciary" inquiry is a functional one, and formal titles are not necessarily dispositive. See Acosta v. Pacific Enters., 950 F.2d 611, 681 (9th Cir. 1991). Specifically, the Third Circuit has held that any control over the disposition of plan assets renders a person who has control a fiduciary. Bd. of Trustees of Bricklayers & Allied Craftsmen Local 6 v. Wettlin Assocs., Inc., 237 F.3d 270, 273 (3d Cir. 2001). Thus, Plaintiff has adequately alleged fiduciary status. See also, Benvenuto v. Connecticut General Life Insurance Co., 643 F.Supp. 87, 90-91 (D.N.J. 1986).

Defendants argue that only the party designated as the Plan Administrator in the plan documents may be assessed the statutory penalty sought by this Count. However, this is clearly inaccurate. See Law v. Ernst & Young, 956 F.2d 364, 372-374 (1st Cir. 1992); Jones v. UOP, 16 F.3d 141, 144-145 (7th Cir. 1994). Thus, it may be the case here, to be determined on the facts developed in discovery, that Defendants were either delegated the Plan Administrator role or otherwise assumed it. A final determination cannot be made because the plan documents are not

6

properly before the court. However, a review of the solitary example of select portions of one plan document submitted by the Defendants reveals that CIGNA was delegated the "discretionary authority to interpret and apply the plan terms..." and the discretionary authority to "perform a full and fair review, as required by ERISA, of each claim denial which has been appealed." See Nason Cert., Ex. A. Thus, the allegations of the FAC sufficiently set forth the claim that Defendants were responsible for the administration of the plans at issue and are therefore proper defendants with regard to the claims for penalties pursuant to 29 U.S.C. § 1132(c) set forth in Count Seven of the FAC.

## V. THE STATE LAW CAUSES OF ACTION IN COUNTS ONE THROUGH FOUR OF THE FAC ARE ADEQUATELY PLEADED

Preliminarily, these counts have been alleged because the Defendants have failed to supply Plaintiff with copies of the relevant insurance plan documents. Had they done so, Plaintiff would have been able to determine before filing whether each of the subject insurance plans was subject to ERISA, thereby pre-empting certain state law claims. Plaintiff continues to anticipate that it will be in a position to withdraw certain state law claims upon provision of the documents at issue.

### A. Breach of Contract

Defendants claim that the contracts alleged in this count are not sufficiently described in the FAC to comply with the notice pleading requirements of Rule 8. This is preposterous. The FAC plainly states that the contracts at issue are health insurance contracts issued to each of the Plaintiff's assignors by the Defendants. See FAC at ¶ 9, 22, 96, 99. The breach alleged is that the Defendants' refusal to pay for the services at issue contradicted the terms of these contracts. See FAC at ¶ 9, 99, 100. Thus, the FAC sets forth that Defendants were party to contracts of

insurance assigned to Plaintiff whose terms required payment for the services at issue. A valid breach of contract claim has thus been stated.

Further, the FAC alleges that Plaintiff has been attempting to obtain copies of the relevant contracts from Defendants but they have refused to provide them. See FAC at ¶ 102, 88, 134-147. Even further, Defendants submitted a certification in connection with the removal of this matter to this court claiming that CIGNA was able to identify the 59 contracts at issue. See Declaration of Susan Roberts, ECF Docket Entry No. 1. It would be incongruous to hold that Defendants have not been put on notice of the contracts at issue when they have already acknowledged that they have identified each of them.

**B. Promissory Estoppel**

The elements of this claim are adequately set forth in Count Four of the FAC. Specifically, it is alleged that CIGNA made a definite promise to Plaintiff that benefits were available for the services rendered to the subject patients before Plaintiff provided those services. FAC at ¶ 119, 120. Plaintiff has alleged that it relied on this definite promise by providing the medical services to the patients. FAC at 121. Nothing else is required at the pleading stage. See Peck v. Imedia, Inc., 293 N.J. Super. 151, 168 (App. Div. 1996).

## CONCLUSION

For all the foregoing reasons, Plaintiff requests that CIGNA's motion be denied in its entirety.

Respectfully submitted,

/s Sean R. Callagy

8